LAVELLE ET AL., RESPONDENTS, *v.* GORDON, AP-
PELLANT.

[Submitted March 12, 1895.  Decided March 18, 1895.]

CONTRACTS—*Liability of assignee of interest in contract.*—Where one takes to him-
self, for a valuable consideration, an assignment of a one-half interest in a
contract for the purchase of land, but does not expressly assume any obliga-
tion for the payments on the purchase price provided for in the contract, he
incurs no personal liability to the vendor of the land for such payments, and
if, without his request, express or implied, the owners of the other half inter-
est in the contract voluntarily make payments after the assignment, they can-
not recover from such assignee any proportion of the payments so made by
them.  (*Lloyd* v. *Board of Commrs., ante*, p. 433; *Pendleton* v. *Cowling*, 11
Mont. 49, cited.)

*Appeal from Seventh Judicial District, Yellowstone County.*

ACTION to recover money paid.  Judgment was rendered
for the plaintiffs by MILBURN, J.  Reversed.

Statement of the case by the justice delivering the opinion:
The defendant in this action appeals from a judgment
entered in favor of plaintiffs upon the overruling of defend-
ant's demurrer to the complaint.  The demurrer was upon the
ground that the complaint did not state facts sufficient to con-
stitute a cause of action.  That pleading states the following
facts: On November 20, 1891, the plaintiffs, with Rudolph
Schultz and Charles D. Fox, entered into a written agreement
with the Northern Pacific Railroad Company, for the purchase
of certain land described.  The consideration for the purchase
of the said land was two thousand seven hundred and eighty
dollars and ninety cents.  Five hundred and fourteen dollars
and ninety-five cents were payable, and were in fact paid, at the
execution of the contract.  The remainder of the consideration
was payable, with interest, by installments, on the twentieth
days of November, 1892, 1893, 1894, 1895, and 1896.  After
the first payment in November, 1891, and prior to the time for
the second payment, to wit, on the 8th of June, 1892, Schultz
and Fox, two of the parties to the agreement, for a valuable
consideration, assigned and transferred, in writing upon the
back of said contract, their right and title in the contract, and
also the land described therein to George A. Gordon, the de-

fendant in this action. Schultz and Fox together owned an undivided one-half interest in the contract and the land. The assignment was acknowledged, and it, together with the contract, recorded in the county where the land was situated. After the recording of the contract and the assignment the same were delivered to the defendant, who has retained them ever since, and refuses to deliver them to the plaintiffs. The terms of the contract gave to the second parties the right of immediate possession of the land. Ever since the defendant took the assignment, he, with the plaintiffs, has been in possession, and holding in common, the said land. The second installment of six hundred and eleven dollars and seventy-nine cents on said contract became due November 20, 1892. Prior to this time plaintiffs requested defendant to contribute his proportionate share of this payment, so that the whole payment might be remitted to the railroad company at St. Paul. This the defendant refused to do. Thereupon the plaintiffs paid the whole installment to the railroad company. They have demanded from defendant a sum equal to one-half of what they so paid to the railroad company. Defendant refuses to pay the said money. Plaintiffs ask for judgment for said amount.

*Campbell & Stark,* for Appellant.

Payment being made a condition precedent by the terms of the contract, the vendor of the land could not maintain an action against the purchasers for the recovery of the payments, the only remedy being the right to forfeit the contract. (*Green* v. *Bennett,* 23 Mich. 470; *Preston* v. *Whitney,* 23 Mich. 260.) The plaintiffs paid the money voluntarily and gratuitously, without request by the defendant, and without his consent or approval, and so cannot maintain an action against him. (*McGee* v. *City of San Jose,* 68 Cal. 91; *Burr* v. *Smith,* 21 Barb. 262; *Brown* v. *Christie,* 63 Me. 241; *Wilkes* v. *Harper,* 1 N. Y. 586.) Under the provision in the contract against the assignment of less than the whole interest therein, the defendant acquired no rights either in the contract or to the land described therein, and could not be compelled to pay for something that he had never agreed to pay for, and when he received no consideration for the payment made by others for

him. Contracts must be mutual, both as to remedy and obligations, and no contract should be enforced against one party thereto who cannot enforce it in his own behalf against others. (*Ryan* v. *Dunphy*, 4 Mont. 343; *Mayger* v. *Cruse*, 5 Mont. 497; *Ducie* v. *Ford*, 8 Mont. 240; *Billings* v. *Sanderson*, 8 Mont. 201; *Wilkinson* v. *Heavenvich*, 58 Mich. 574.)  If this action were brought for contribution, the plaintiffs and defendant were not liable on a common demand, and there was no one entitled to sue the defendant for the payment due under contract. (*Johnson* v. *Wild*, 44 Ch. Div. 146.)  A person receiving no benefits under deed or contract cannot be held liable to contribute. (*Hunt* v. *Hunt*, 45 N. J. Eq. 360; and see *Van Winkle* v. *Johnson*, 11 Or. 469; *Russell* v. *Tailor*, 1 Ohio St. 327; *Camp* v. *Bostwick*, 20 Ohio St. 347; *Taylor* v. *Morrison*, 26 Ala. 728; *Nelson* v. *Fry*, 16 Ohio St. 552; *Morton* v. *Coons*, 6 N. Y. 33.)  In this case, there being no contract relation between the parties, and the defendant having no burden to bear, was not bound to contribute to the plaintiffs.

*O. F. Goddard*, for Respondents.

If several persons become possessed, by purchase or otherwise, of different parts or interest in an estate, which is charged with a judgment or other encumbrance, each will be obliged to contribute proportionately in keeping down the interest or paying off the encumbrance, and, if one is compelled to pay the creditor the whole amount, he can call upon the others for contribution. (2 Wait's Actions and Defenses, 301; 3 Wait's Actions and Defenses, 172; *Gardner* v. *Deidricks*, 41 Ill. 158; 1 Story's Equity Jurisprudence, §§ 477, 483; *Aspinwall* v. *Sacchi*, 57 N. Y. 331; *Falley* v. *Gribbling*, 22 N. E. Rep. 794; *Woodruff* v. *Railroad Co.*, 129 N. Y. 27; *Durbin* v. *Kuney*, 19 Or. 71; *Smith* v. *Wilson*, 10 La. Ann. 257; *Iron City Tool Works* v. *Long*, 5 Cent. Rep. 502.)  It is enough to sustain an action for money paid that a legal liability existed against the persons sought to be charged, and that the money was paid under such circumstances that the law would imply a request and consequent promise to repay. (4 Wait's Actions and Defenses, 460; *Keith* v. *Easton*, 21 Pick. 261; *Gleason* v. *Dyke*, 22 Pick. 390.)

DE WITT, J.—It is claimed by the plaintiffs in this action that one-half of the installment which they paid to the railroad company on November 20, 1893, was paid for and on behalf of defendant, who was their co-owner in the land and the contract; and that they, having paid said money in behalf of defendant, are entitled to recover the same from him. A kindred subject was very recently before this court in the case of *Lloyd* v. *Board of Commissioners*, decided March 4, 1895. In that case this court said: " 'In order to entitle a person to recover money paid for another, a request, express or implied, must be established, or an express promise to pay it, and it may be said that, in all cases where there is a legal obligation on the part of the person paying to pay the money, the primary obligation resting upon the person for whose benefit it was paid, the law implies a request and a consequent promise that will uphold an action to recover it back.' "

Applying these principles to the case at bar, we observe that the plaintiffs claim that they paid this money for the defendant. This payment was not made at the express request of defendant, nor was it on his implied request, unless there is an implication arising from the facts of the case, and an obligation resting upon the defendant, to pay the Northern Pacific Railroad Company. It is to be noted that we said in the case of *Lloyd* v. *Commissioners, supra:* "In a case where there is a legal obligation on the part of the person paying to pay the money, the primary obligation resting upon the person for whose benefit it was paid, then the law implies a request," etc. Thus, in order to ascertain whether there was a constructive request in law on the part of the defendant to pay the money (having seen that there was no express request, and none implied from his conduct), the first inquiry is whether there was an obligation resting on defendant, Gordon, to pay this installment of money, or any part of it, to the Northern Pacific Railroad Company; for if there were a primary obligation resting upon Gordon to pay the railroad company, and then if there were also a legal obligation on the part of his associates to pay it, then, if they did so pay it, they could recover from Gordon, under the doctrine in the case quoted.

We will therefore endeavor to ascertain whether Gordon was under obligations to pay the railroad company.

Defendant, Gordon, never contracted with the Northern Pacific Railroad Company. He never promised to pay to the railroad company the installment due November 20, 1892, on the Lavelle contract, or any other sum. He never dealt with the railroad company at all. If there were any obligation upon Gordon to pay the 1892 installment, or a part thereof, it arose, and was implied, from his acts. He took to himself, for a valuable consideration, an assignment of a one-half interest in the contract, and in the land which was the subject thereof. Does this imply a promise on his part to pay to the railroad company the deferred installments? We think not. The analogy is very close, if not complete, to a person buying real estate encumbered with a mortgage. If the buyer does not assume the mortgage, he is not personally liable therefor; and the mere fact of his buying the land subject to the mortgage is not such a personal assumption of the mortgage, or an agreement to pay the same.

We said, through the learned chief justice, in *Pendleton* v. *Cowling*, 11 Mont. 49: "The authorities hold that the above words of the declaration of trust, if inserted in a deed, do not make the grantee liable for the payment of such an encumbrance upon the land. Mr. Jones, the learned author of the work on Mortgages, says: 'A deed which is merely made subject to a mortgage specified does not alone render the grantee personally liable for the mortgage debt. To create such liability there must be such words as will clearly import that the grantee assumed the obligation of paying the debt. It is not necessary that any particular formal words should be used, but that the intention to impose upon the grantee this obligation should clearly appear. A purchaser of land accepting a deed expressly conveying it subject to a mortgage, and excepting it from the covenants, is not himself personally liable to pay it, unless he covenants to do so.' (1 Jones on Mortgages, 1st ed., § 748, and cases cited; *Elliott* v. *Sackett*, 108 U. S. 132; *Shepherd* v. *May*, 115 U. S. 505.) The litigation in these cases had its origin in the sales of property under a trust deed. The court held in *Fiske* v. *Tolman*, 124 Mass. 254, 26 Am. Rep. 659,

that a promise to pay the mortgage debt cannot be inferred from the acceptance of a deed containing this clause: 'Subject, however, to a mortgage . . . . of seven thousand dollars, which is part of the above consideration.' (Wiltsie on Mortgage Foreclosure, §§ 608, 610, 613, and cases cited.) Mr. Wiltsie says: 'Whether a personal liability is assumed in any case is always dependent on the intention of the parties; unless the parties have declared this intention in express words no liability will be incurred. If the deed merely recites that the land is taken subject to a certain mortgage there will be no personal liability. Neither will the words "under and subject" to a mortgage, which is specified, import a promise to pay, nor create a personal liability.' (Wiltsie on Mortgage Foreclosure, § 615.) We have consulted numerous cases, and do not hesitate to assert this to be the general rule."

In the case at bar the defendant took, by assignment, the contract and the land which was the subject thereof. It may be conceded, for the purposes of this case, that Gordon accepted this assignment, although some question is raised as to this point in the argument of counsel. Gordon did not assume the payment of the deferred installments. He did nothing more than receive the assignment. The contract between the Northern Pacific Railroad Company and its proposed purchasers of the land had, in many respects, the practical results and effect of a deed with a mortgage back. Lavelle and his associates wished to purchase the land. They paid a certain sum in cash. They were given the immediate possession of the land. They were to pay all taxes and assessments, and the further installments to the railroad company, and interest on the purchase price as they became due. In all these respects they were, for practical purposes, in the same position as if they had taken a deed from the Northern Pacific Railroad Company, paying part of the consideration and giving a mortgage for the balance. If the situation had been one of a deed and mortgage back, and one of the grantees in the deed had assigned his interest in the land to Gordon, the defendant herein, the assignment and transfer would have been subject to the mortgage, whether the assignment and transfer so stated or not. (*Pendleton* v. *Cowling, supra.*) But this would have

cast no personal liability upon Gordon to pay any balance due on the mortgage. (*Pendleton* v. *Cowling, supra.*)

These principles are equally applicable to the facts in the case at bar. Gordon took the half interest in the land subject to the payment of the future installments on the purchase price. The deed by the railroad company would not issue to its proposed purchasers until all the installments were paid. The land was firmly held for these payments, for the railroal company retained the fee in itself as security for the payments. But the fact of Gordon taking the land subject to the deferred payments should not, in principle, make him personally liable for such payments, any more than if the transaction had been a deed, with a mortgage back, as above illustrated. We are of opinion that the same principles apply to either nature of transaction.

It is to be observed that Gordon obtained some thing by taking this assignment of the contract and the land, even if he never got so far as to obtain the fee in the lands by paying the deferred installments and obtaining the railroad company to accept them and issue him a deed. He took the assignment June 8, 1892. This gave him possession of the land, together with the plaintiffs herein, at least until November 20, 1892, when the second installment became due. For all that appears, this is all that Gordon wanted. The consideration which he paid for the assignment may have been sufficient for this possession for five months, and for no more. Nothing appears to the contrary.

There can be no implication from these facts that Gordon promised to pay the Northern Pacific Company the deferred installments, and there was no express promise on his part to do so, and no assumption of these payments.

Therefore, returning to the doctrine of the case of *Lloyd* v. *Commissioners,* as quoted above, we find the plaintiffs herein paid out money which they claimed was for the benefit of the defendant, Gordon. They wished to recover this money from Gordon. But the payment was not at the request of Gordon, express or implied. Nor did the plaintiff pay the money to the railroad company under an obligation so to do, when the primary obligation was upon Gordon; for, as we have seen,

there was no obligation on Gordon, primary or otherwise, to pay the deferred installments, or any part of them, to the railroad company.

Therefore, plaintiffs paid the one-half of this November installment, in effect, as far as Gordon was concerned, voluntarily.

Counsel for respondent argue that when an estate is charged with a judgment, mortgage, lien, or other encumbrance, and one of the owners discharges such encumbrance, he is entitled to contribution from his co-owners. Counsel cites authorities, which we have examined. None of them, however, are cases where the person for whose benefit the payment is alleged to have been made was himself under no primary obligation to make the payment. Illustrations of the alleged beneficiary being under the primary obligation are found in cases cited in *Lloyd* v. *Commissioners, supra.*

We are therefore of opinion that the complaint does not state facts sufficient to constitute a cause of action.

The judgment is therefore reversed, and the case is remanded to the district court with instructions to sustain the demurrer.

*Reversed.*

HUNT, J., concurs.