[No. 10778. Department One. April 12, 1913.]

T. D. Rockwell, *as Executor etc.*, *Appellant*, v. J. W. · Edgcomb, *Respondent.*[1]

Vendor and Purchaser — Option—Assignment—Assumption of Payments—Liability to Vendor—Principal and Agent. An assignment of an option for the purchase of a mine, whereby the assignee agreed to make all the payments called for, does not render the assignee unconditionally liable to the vendor for the payments, where the same were all optional, the option was assignable on its face, and was obtained by the assignor as the agent and for the benefit of the assignee; since the vendor's rights are measured by the terms of the option agreement.

Appeal from a judgment of the superior court for King county, John S. Jurey, Esq., judge *pro tempore*, entered May 22, 1912, dismissing an action on contract, after a trial to the court. Affirmed.

*James Kiefer*, for appellant.

*Tucker & Hyland* (*Wm. C. Keith*, of counsel), for respondent.

Mount, J.—This action was brought by Barnett E. Barinds in his lifetime to recover from defendant upon a contract for the purchase of certain mining claims. The plaintiff died while the litigation was pending, and the executor of his estate was substituted as a party plaintiff. When the case was tried, a judgment of dismissal was entered. The plaintiff has appealed.

It appears from the record that Mr. Barinds acquired the claim to the mines in question in the summer of 1909. The defendant thereafter desired to obtain an option to purchase these mining claims. He was unable to deal directly with Mr. Barinds, and thereupon authorized one J. A. Hall to act for him and to secure an option from Mr. Barinds. The result

¹Reported in 131 Pac. 191.

was that Mr. Hall in his own name, on December 20, 1909, entered into a written contract with Mr. Barinds as follows:

"This agreement, made this 20th day of December, 1909, between Barnett E. Barinds, of Seattle, Washington, party of the first part, and J. A. Hall, of the same place, party of the second part, Witnesseth: That the said party of the first part, for and in consideration of the payment of five thousand dollars this day paid, the recept whereof is hereby acknowledged, does hereby covenant and agree to and with the party of the second part, that he will make, execute and deliver to the said First National Bank of Seattle in escrow, a conveyance of all of his rights, title and interest in and to an undivided one-third interest in the two quartz mining claims known as 'Jumbo' and 'Ben Bolt' located July 3, 1905, and recorded July 11, 1905, at the Stewart Sub-mining Recording office at Stewart, British Columbia, situated at the head of the South Fork of Glacier Creek about one and one-half miles from the mouth of which is known as Skeena Mining District in the Province of British Columbia; said deed to be a quit claim deed, and to be held by the First National Bank of Seattle, Washington, in escrow and to be delivered to the said J. A. Hall, or his assigns, upon the payment at the option of said J. A. Hall, or his assigns, of the further sum of five thousand dollars, six months from the date hereof, and the further sum of ten thousand dollars on or before one year from the date hereof. It is agreed between the parties hereto that if default be made in the payment of either the five thousand dollars deferred payment due on or before six months from date, or the ten thousand dollars due on or before one year from the date hereof, that then and in that event the sum this day paid shall be forfeited to the party of the first part as liquidated damages, and the party of the second part and his assigns shall forfeit all interest in or right to buy or purchase said interest in said claims, and the said deed shall be returned by the First National Bank of Seattle to the party of the first part. The said J. A. Hall and his assigns assume the burden and expenses of the litigation now pending in the supreme court of British Columbia respecting said interest in said claims, and in the superior court of King county, state of Washington, respecting said interest in said claims, wherein Barnett E. Barinds is plaintiff and George E. Green is defendant, so far as expenses hereinafter incurred are concerned.

In witness whereof the said parties have hereunto set their hands in triplicate the day and year in this instrument first above written.                    Barnett E. Barinds,
                              "J. A. Hall."

Mr. Edgcomb furnished the $5,000 which was paid upon the contract. Four days later, Mr. Hall, in order to protect himself, entered into the following written agreement with Mr. Edgcomb:

"This agreement made this 24th day of December, 1909, between J. A. Hall of Seattle, Washington, the party of the first part, and J. W. Edgcomb of the same place, party of the second part, witnesseth: That the said party of the first part in consideration of the sum of $5,000 and of the covenants hereinafter contained on the part of the party of the second part, has sold, assigned, and transferred, and by these presents does assign, sell, transfer and set over unto said party of the second part and to his heirs and assigns, the annexed option agreement made December 20th, 1909, between Barnett E. Barinds of Seattle, Washington, and the said party of the first part, and all the rights and privileges of the party of the first part under and by virtue of said agreement dated December 20th, 1909. And the said party of the second part, in consideration of the transfer of said agreement, does hereby covenant, promise and agree to and with the said party of the first part that he, the said J. W. Edgcomb, party of the second part, will make the payments of $5,000 and $10,000 due respectively in six months and one year from December 20th, 1909, and will pay said sums to said Barnett E. Barinds on the days and times above mentioned and pay and discharge all expenses incurred by or on behalf of Barnett E. Barinds or J. A. Hall in litigation over the interest agreed to be conveyed by Barinds by said option agreement of December 20th, 1909, between said Barinds and one George E. Green in the courts of the state of Washington or the Province of British Columbia, Canada. Witness the hands of the parties.           J. A. Hall,
                              "J. W. Edgcomb."

Thereafter, when the second payment of $5,000 became due, it was paid by Mr. Edgcomb. Before these contracts were entered into, litigation was pending in the courts of

British Columbia involving the rights of Mr. Barinds to any interest in the mining claims. After the second payment on the optional contract had been paid, it was determined by the litigation above referred to that Mr. Barinds had no interest in the mining claims. Thereafter Mr. Edgcomb refused to make the last payment of $10,000 named in the contract. This action was brought to collect the same, together with $1,092.53 expenses incurred in the litigation.

It is argued by the appellant that, by the terms of the contract of December 24 by which Hall assigned his interest in the contract of December 20 to Mr. Edgcomb, Mr. Edgcomb unconditionally agreed to make the deferred payments to Mr. Barinds; and that Mr. Barinds consented to the assignment by Hall to Edgcomb upon that condition, and therefore the optional contract became a binding, enforceable obligation as between Edgcomb and Barinds. It is conceded upon the record that Hall was the agent of Edgcomb, and also that the contract dated December 20 is an optional contract as it appears to be upon its face. This contract was acquired by Hall as agent for Edgcomb. It was, as between Hall and Edgcomb, the contract of the latter, and was so treated because Edgcomb made the payments. The rights of Barinds were measured by the terms of that contract. If payments were not made as agreed, he was at liberty to rescind and retain the payments made. If payments were made, he was bound to convey. The contract by its terms was assignable, and whether assigned or not, its terms control. Hall or his assigns were bound to make the payments in order to obtain a deed. The consent of Barinds was not necessary in order to make a valid assignment from Hall to Edgcomb. The contract of December 24, 1909, was a contract between Mr. Hall and his principal, Mr. Edgcomb. Mr. Barinds was not a party to that contract. It simply assigned to Edgcomb the contract of December 20 between Hall and Barinds, and required Edgcomb to make the payments specified in the former contract which Hall was required to make. It did not require

anything in addition, but was merely a written agreement on the part of Hall to do what in law he was required to do and on the part of Edgcomb to hold Hall harmless. No new contract was made with Barinds by the execution and delivery of the contract between Hall and Edgcomb.

The appellant argues that this transaction is like one where a purchaser takes a tract of land incumbered by a mortgage and assumes and agrees to pay the mortgage indebtedness; he is liable therefor, and the mortgagee may maintain a personal action upon the covenant of assumption; citing *Solicitors Loan & Trust Co. v. Robins,* 14 Wash. 507, 45 Pac. 39. Conceding this to be the rule in that kind of a case, it fails in this, because here Mr. Edgcomb assumed only the liability upon the optional contract between Hall and Barinds. There is no obligation to pay; that is to say, he was not bound to make further payments. He could make them or not as he chose. If he did not pay, he could not obtain the deeds or recover payments already made. Nor could Barinds enforce further payments, as is attempted in this case. The written contract between the parties controls this case, and we therefore do not notice other contentions which attempt to vary the terms of the written contract, or that Hall had a secret interest in the mines undisclosed to his principal. All the deferred payments, including the expenses of the litigation, were optional under the terms of the contract.

The judgment is therefore affirmed.

CROW, C. J., PARKER, GOSE, and CHADWICK, JJ., concur.