# PIONEER LOAN & LAND COMPANY v. JOSEPH L. COWDEN and Another.[1]

January 29, 1915.

Nos. 18,992—(210).

**Contract of sale — possession — construction of contract.**

1. Land under lease was sold in May under an executory written contract of sale. The contract by its terms gave possession to the vendee "by assignment of lease." *Held*, the contract gave the vendee the right to the crop for that year, and parol evidence was not admissible to show an agreement that the vendor should have the crop.

**Same — registry tax.**

2. Where such a contract is pleaded in the complaint and admitted in the answer, it is not material in determining the rights of the parties between themselves whether or not the registry tax has been paid.

**Cropping contract — action against vendor — measure of recovery.**

3. The lease provided that the owner of the land should receive one-quarter of the crop and should give the tenant three-quarters, that the owner should pay one-quarter of the threshing bill and on November 1 pay 75 cents an acre for plowing all land in crop during that year. By a later agreement the owner agreed to pay for breaking land put into crop. After the sale, the vendor received the proceeds of the crop and paid all these charges. *Held*, the vendee, in this action to compel him to account, is entitled to recover only the net amount received after deducting such payments.

**Pleading — answer.**

4. The right to these deductions is properly pleaded.

**Reduction of judgment or new trial.**

5. New trial granted, unless defendants consent to judgment against them for the amount found by the trial court less deduction for such payments.

Action in the district court for Marshall county to recover $317.82 for conversion of certain crops and for an accounting. Defendants' demurrer to the complaint was overruled. The case was tried before Grindeland, J., who made findings and ordered judgment in favor

[1] Reported in 150 N. W. 903.

of plaintiff for $272.78. From an order denying their motion for a new trial, defendants appealed. Affirmed on condition.

*A. N. Eckstrom,* for appellants.

*Julius J. Olson,* for respondent.

HALLAM, J.

On May 14, 1912, defendant Joseph L. Cowden was the owner of a half section of land in Polk county, Minnesota. On that day defendants, husband and wife, entered into an executory written contract to sell the land to plaintiff. A small amount was paid down, the balance to be paid in annual instalments. The land was then in possession of a tenant under a written lease. The lease provided that the owner should receive one-quarter of the crop; that he should give the tenant three-quarters thereof; that he should pay one-quarter of the threshing bill, and that on November 1 of each year he should pay the tenant 75 cents per acre for plowing all land in crop during that year. By a verbal agreement made after the lease, but before the sale, the tenant agreed to break during 1912 twenty-five acres and plant it to flax, and defendants agreed to pay $2.50 an acre for the breaking. At the time the contract of sale was made, 160 acres had been plowed and planted in wheat and barley. The breaking for flax and the sowing of this crop was done later. By the terms of the contract of sale, defendant gave possession of the land to plaintiff upon the signing of the contract, "by assignment of lease."

This controversy is over the right to the 1912 crop and the liability for the plowing which produced it. Defendants claimed the owners' share of the crop, and they took it and marketed it, received the proceeds amounting to $301, and paid for the plowing, breaking and threshing. Plaintiff claims the right to receive the crop without any obligation to pay for plowing or breaking, and it brings this action, demanding an accounting of moneys collected and for judgment for the gross amount received by defendants. The court gave plaintiff judgment for the amount received for the crop, after deducting the amount paid for threshing, but did not deduct the amount paid for plowing or breaking. Defendants appeal.

Defendants contend the court erred in receiving the contract of

sale in evidence. The registration tax had not been paid. The court permitted plaintiff to pay the tax during the trial and then received it in evidence. It was not necessary for plaintiff to prove the contract. Plaintiff pleaded the contract and defendant admitted it. Both parties predicate rights upon it. The admission of the contract in evidence added nothing to what was already admitted of record in the case, and it is not important whether it was competent evidence or not.

Defendant offered testimony to prove a verbal understanding that he was to receive the 1912 crop. This evidence was not competent. The contract in terms gave possession to plaintiff "by assignment of lease." This language operated to assign the lease to plaintiff and to deliver possession of the land subject to it. This gave to plaintiff the right to the 1912 crop. The language was not ambiguous. The court properly held that it could not be varied by parol. Defendants asked the court to find that plaintiff misrepresented the meaning of this language. The court declined to so find. The testimony is in conflict. Even if this defense can be considered a proper one, the court was amply justified in its refusal to hold that any such defense was proven. Neither is there any evidence of practical construction of the contract by the parties.

Plaintiff was entitled to the 1912 crop and defendant must account for the amount received therefor, less any proper deductions. The court deducted the amount paid by defendant for the owner's share of the threshing, and the propriety of this is conceded. We are of the opinion that it should also have deducted the amount paid by him for plowing and breaking. After assignment of the lease and delivery of possession of the premises to plaintiff subject to the lease, plaintiff became substituted for defendant as landlord. The price of the plowing had not yet become due. The breaking had not been done. The amount to be paid for plowing and breaking was in reality a deduction from the gross return the landowner was to receive from his land. We cannot distinguish it on principle from the amount to be paid for threshing. One was for producing the crop, the other for garnering it in, but the principle in each case was the same.

It makes little difference to the result whether this so-called lease was a lease in fact or a mere cropping contract. If it was a lease, then any covenant to pay rent would run with the land, and any covenant providing for a deduction from the rent would likewise run with the land, and an assignee of the reversion and of the lease would take subject to the burden of such covenant. 1 Tiffany, Landlord & Tenant, § 149 (2); Baylye v. Hughes, Cro. Car. 137; and Trask v. Graham, 47 Minn. 571, 50 N. W. 917. If the so-called lease be considered merely as a personal contract creating no interest in the land, the result would be the same. Having taken an assignment of it, the plaintiff could not take over its benefits without its burdens. The assignment of an executory contract by one party to it does not relieve the assignor of his personal liability to the other contracting party, nor does it create a personal liability on the part of the assignee, without provision to that effect. But the assignee may not enforce the contract against the other contracting party until the obligations which the contract imposes have been performed by some one. He takes his assignment incumbered by all the burdens to which it was subject in the hands of the assignor. 2 Ruling Case Law, 626; Smith v. Rogers, 14 Ind. 224; Union P. R. Co. v. Douglas County Bank, 42 Neb. 469, 60 N. W. 886; Atlantic & N. C. R. Co. v. Atlantic & N. C. Co. 147 N. C. 368, 61 S. E. 185, 23 L.R.A.(N.S.) 223, 125 Am. St. 550, 15 Ann. Cas. 363; Rockwell v. Edgcomb, 72 Wash. 694, 131 Pac. 191, 45 L.R.A.(N.S.) 661. As between him and his assignor the assignment likewise passes the benefits subject to the burdens, and unless he has so stipulated he cannot require the assignor to continue to bear the burdens of the contract while he enjoys the benefits. Plaintiff was entitled to the net return from the land. Had defendant not interfered, plaintiff would have received the owner's share of the crop, but it would then have been obliged to pay for the plowing, breaking and threshing. It is in no better situation now.

The point is made that these items could not properly be deducted, because not pleaded as an off-set or counterclaim. To this we do not agree. The complaint demands an accounting of moneys collected by defendant belonging to plaintiff. Defendant in his answer

accounts for all moneys received on account of the 1912 crop, and alleges that he was compelled to pay these amounts in producing it and getting it to market.  The evidence in regard to these items was received without objection and is properly before the court.

A new trial may be avoided if defendants will consent to judgment against them for the amount ordered by the court, less deductions for plowing and breaking which amount to $182.50.  Upon their filing such consent with the clerk of the district court within 20 days after filing of remittitur, the motion for a new trial will be denied; otherwise, granted.