**URBAN v. PHY et al.***

Circuit Court of Appeals, Ninth Circuit.
February 27, 1928.

No. 5298.

1. Assignments ⬤⟹109—Vendor and purchaser ⬤⟹214(6)—Assignee of contract for purchase of land or other property assumes no liability to vendor.

Assignee of contract for purchase of land assumes no liability to the vendor by reason of the asignment alone.

2. Mines and minerals ⬤⟹74—Plaintiff cannot recover against assignee of lease expenses incurred in drilling well, in absence of averment that assignee promised to pay assignor's debt.

In action for damages for breach of contract relating to sharing expense in drilling of oil well, complaint *held* to state no cause of action against assignee of oil and gas leases covering territory where well was to be drilled, in absence of averment that assignee assumed or promised to pay debt of assignor.

3. Pleading ⬤⟹310—Pleading directly alleging contract held not subject to demurrer, because exhibits annexed as proving the contract do not establish it.

A complaint directly alleging that defendants orally and in writing made the contract

sued on *held* not subject to demurrer, because exhibits set out as constituting the written portion of the contract do not establish or prove a contract.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action at law by Andrew Urban against James F. Phy and others. Judgment dismissing complaint on demurrer, and plaintiff brings error. Affirmed as to two causes of action pleaded, and reversed as to a third.

Rader & Bean and W. E. McCroskey, all of Walla Walla, Wash., and Will R. King, of Portland, Or., for plaintiff in error.

H. B. Noland, of Walla Walla, Wash., and James A. Fee, of Pendleton, Or., for defendants in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. March 2, 1923, Andrew Urban and C. A. Coleman entered into a contract in writing wherein Urban agreed to sell and Coleman agreed to purchase an undivided one-half interest in certain oil and gas leases covering 1120 acres of land in the state of Texas. Under the terms of the agreement, the sum of $15,-000 was to be paid by Coleman to Urban in the manner following: "An amount sufficient to meet payment of pay rolls for general expense while well is being drilled to the depth of 3,000 feet." It was further agreed that Urban should drill the well to the depth of the Ranger lime, unless oil or gas was found in paying quantities at a lesser depth, without any expense to Coleman; but should it become necessary to drill the well to a greater depth, or to do any other work proper to a completion of the well below the depth of the Ranger lime, then and in that event, the parties agreed to divide the expense equally between them. On the same day Coleman assigned to the Pauline Oil Company, a common-law trust, an undivided one-half interest in and to the above-mentioned oil and gas leases to the extent of 760 of the 1,120 acres therein described, and warranted title thereto and to the personal property connected therewith. On the same day Urban and Coleman entered into a second contract wherein Urban agreed to sell Coleman an undivided one-half interest in certain other oil and gas leases, covering 965 acres of land. This contract was similar in all respects to first one, and on the same day a like assignment was made by Coleman to the Pauline Oil Company.

*Rehearing denied May 7, 1928.

The present action was commenced by Urban against Coleman and the Pauline Oil Company, a voluntary association, to recover damages for a breach of the above contracts. The complaint contains three causes of action, the first two of which are based on the first contract and assignment, and the third on the second contract and assignment. Each cause of action sets forth the contract between Urban and Coleman; that the defendants are an association of persons operating and doing business together as a common-law trust under the name and style of Pauline Oil Company, of Ranger, Tex., under the terms and provisions of a trust agreement, duly executed and filed for record in the office of the county court of Eastland county, Texas, and that under the laws of the state of Texas, the defendants are jointly and severally liable for all contracts, debts, and liabilities of the trust, and, as to third persons the liability of unit holders in the trust estate cannot be limited by any agreement among themselves. It is then alleged that the agreement was assigned to the defendants as the Pauline Oil Company, and the defendants as such oil company jointly and severally accepted the assignment and orally and in writing agreed to be bound by and to carry out the terms and provisions of the agreement, which agreement was both express, as shown by the several exhibits attached to the complaint, and implied from the acts of the defendants, as set forth in the complaint; that during the spring and summer of 1923 the plaintiff drilled a well to the Ranger lime, a depth of 3,412 feet, without finding either gas or oil in paying quantities, and on completion of the work notified the defendants of such completion; that the plaintiff was then ready, able, and willing to make an assignment to the Pauline Oil Company of an undivided one-half interest in the leases, and the defendants thereby became jointly and severally indebted to the plaintiff in the sum of $15,000, no part of which has been paid, except the sum of $5,419.40.

The third cause of action is in all respects similar to the first, except it is based on the second contract and the assignment thereof and the damage claimed is in the sum of $278. The second contract differs from the other two in this: It is therein alleged that when plaintiff had drilled the well mentioned in the first cause of action to the Ranger lime, a depth of 3,412 feet, without finding oil or gas in paying quantities, the plaintiff and the defendants, orally and in writing agreed that the plaintiff should drill the well below the Ranger lime and then shoot and clean out the same, and that the defendants would pay to the plaintiff one-half the cost and expense of the additional drilling and shooting and cleaning out the well. This was followed by an averment that the written portion of the agreement was evidenced by letters and telegrams, copies of which were attached to the complaint. It is then averred that the plaintiff, pursuant to this agreement, drilled the well to a depth of 48 feet below the Ranger lime and then shot and cleaned out the same at a cost of $2,730, one-half of which the defendants promised and agreed to pay.

A demurrer to the complaint was sustained, except as to the defendant Coleman, and the judgment of dismissal as to the remaining defendants has been brought here for review.

[1, 2] The rule is well settled that the assignee of a contract for the purchase of land or other property assumes no liability to the vendor by reason of the assignment alone. Lavelle v. Gordon, 15 Mont. 515, 39 P. 740; Gammel Book Co. v. Paine, 75 Neb. 683, 106 N. W. 777; Pioneer Loan & Land Co. v. Cowden, 128 Minn. 307, 150 N. W. 903. As said in the latter case: "The assignment of an executory contract by one party to it does not relieve the assignor of his personal liability to the other contracting party, nor does it create a personal liability on the part of the assignee, without provision to that effect." See, also, 5 C. J. 976. It follows from this that the complaint in this case states no cause of action against the assignee, in the absence of an averment that the assignee assumed or promised to pay the debt of the assignor, and we find no such averment in the complaint as to either the first or third causes of action. There is clearly no implied contract, as averred in the complaint, and there is no direct averment that an express contract existed. There is the averment that such contract is shown by numerous exhibits, in the form of telegrams and letters attached to the complaint, but we look to these in vain for any contract or agreement on the part of the assignee to pay the debt of the assignor. Not a single one of the exhibits referred to is contractual and few of them are even evidential. The form of pleading is, of course, bad, because a pleader should aver the ultimate facts and not the circumstantial evidence by which he expects to prove them.

[3] A different question is presented as to the second cause of action. As already stated, it is there directly averred that the de-

fendants, orally and in writing, agreed that the plaintiff would drill the well below the Ranger lime and then shoot and clean it, and that the defendants would pay one-half the expense thereof. Performance by the plaintiff and nonperformance by the defendant is then alleged. True, this averment is followed by a further averment that the written portions of the agreement are evidenced by letters and telegrams attached to the complaint, but this reference does not negative or destroy the direct averment that there was a contract, oral and written, even though the exhibits referred to do not establish or prove the existence of a written contract in whole or in part. It follows from this that the judgment should be affirmed as to the first and third causes of action, and reversed as to the second.

The principal question discussed in the briefs and on the oral argument is the status of a common-law trust under the laws of the state of Texas, but that question is not raised by the demurrer and was not considered by the court below. The complaint alleged a contract on the part of the defendants and we are not now concerned with the mode of proof.

Affirmed and reversed, as above indicated.