**Arthur J. BORER, Appellant,**

v.

**Darrell D. CARLSON, individually, and d/b/a Camden Crossing Community Offices, John M. Morrison, Respondents.**

**No. C7–89–1531.**

Court of Appeals of Minnesota.

Jan. 23, 1990.

Review Denied March 8, 1990.

Allen R. Desmond, Hance & Levahn, Ltd., Minneapolis, for Arthur J. Borer.

Darrell D. Carlson, White Bear Lake, pro se.

Gary D. Pihlstrom, Golden Valley, for John M. Morrison.

Heard, considered and decided by SHORT, P.J., and RANDALL and STONE *, JJ.

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## OPINION

BRUCE C. STONE, Judge.

This appeal is from a grant of summary judgment by the Hennepin County District Court in an action to recover damages for breach of contract and unjust enrichment concerning a lease of commercial property. The property was sold by the lessor, respondent Carlson, to respondent Morrison. The lessee, appellant Borer, commenced suit against Carlson and Morrison to recover for improvements undertaken by Borer for which he was to be reimbursed pursuant to the terms of the lease.

The trial court granted summary judgment dismissing Borer's claims against Morrison finding no material factual issue as to whether Morrison assumed Carlson's obligations under the lease agreement.

This court granted discretionary review pursuant to Minn.R.Civ.App.P. 105. We reverse.

## FACTS

The facts surrounding this action are not largely in dispute. Respondent Darrell D. Carlson leased commercial property located in Minneapolis in June 1985 to the Miner–McAlpin–Borer Agency, Inc. (agency). The lease provided that the lessee was to pay for certain improvements to the premises and that the lessee was to be reimbursed for such improvements, stating:

> The parties agree that Lessee shall pay for the improvements provided by Lessor * * *. The amount paid by Lessee for said improvements * * * shall be deemed a pre-payment of a like amount of the fixed rent first coming due under the terms of this lease. Notwithstanding the foregoing, Lessee shall be required to pay all additional rent and sums due under the lease for utilities, and Lessee's pro-rata share of taxes, maintenance, insurance, etc.

On September 5, 1985, the agency assigned its interest in the property to appellant Arthur J. Borer. Thereafter, in February 1986, Carlson sold the property to respondent John M. Morrison pursuant to a contract for deed and contemporaneously assigned its rights under the lease with the agency. Among the terms of the lease was the following clause:

> Successors and Assigns. This lease shall be binding upon and inure to the benefit of the parties hereto and their respective assigns, executors, heirs, personal representatives, and successors.

In April of 1986, Borer attempted to sublease the premises for the remainder of Borer's 12–month obligation. Morrison's agent, however, refused to approve the sublease agreement. Later that summer, the locks were changed on the premises (by persons unknown) and Borer was unable to show the premises to prospective sublessees.

After the termination of his tenancy, Borer commenced suit against Carlson and Morrison in Hennepin County District Court to recover approximately $23,599 in improvements for which both Morrison and Carlson had failed to reimburse Borer.

On March 20, 1989, Morrison and Carlson moved the trial court for summary judgment dismissing Borer's claims against them. The trial court granted summary judgment as to Morrison, but denied summary judgment as to Carlson. Final judgment dismissing Borer's claim as to Morrison was entered, from which this discretionary appeal has followed.

## ISSUE

Did the trial court err in granting summary judgment as to Morrison on the basis that there was no material issue of fact as to whether Morrison assumed Carlson's obligations under the lease agreement with Borer?

## ANALYSIS

In this case, Borer alleges he is entitled to reimbursement from Morrison and/or Carlson for certain "tenant improvements" made to the property by Borer or the agency. The parties do not dispute that such improvements were made. However, Carlson and Morrison contend that any reimbursement for tenant improvements were to be in the form of rent abatements rather

than cash payments by the landlord. The trial court found the lease agreement was ambiguous and thus ruled that summary judgment was inappropriate as to the abatement issue. The trial court, however, granted summary judgment as to Morrison finding "no evidence that Morrison assumed Carlson's obligations, if any, to reimburse the tenant's cost."

When reviewing a trial court's grant of summary judgment, an appellate court must determine whether there are any issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

■ Borer argues that because Morrison accepted benefits under the lease, an assumption of liability to Borer may be implied. Morrison collected rents pursuant to the lease and became the owner of all tenant improvements installed by Borer on the date Borer's tenancy terminated.

■ The general rule is that the mere assignment of rights under an executory contract does not cast upon the assignee any of the personal liabilities imposed by the contract on the assignor. *Pioneer Loan & Land Co. v. Cowden*, 128 Minn. 307, 310, 150 N.W. 903, 904 (1915). Assumption of contract benefits does not necessarily imply assumption of its obligations. *Cf. Meyers v. Postal Finance Co.*, 287 N.W.2d 614, 617–18 (1979) (sharing of profits is merely one element necessary to establish "joint venture" which would hold assignee liable for assignor's obligations). Borer cannot prevail here on implied assumption.

Nor is the mere retention of benefits by Morrison an assumption of liability in absence of proof by Borer of unjust enrichment, the elements of which claim were not presented to the trial court. It is noted the improvements had been made and paid for before the assignment to Borer in 1985 and to Morrison in 1986.

■ Borer also argues that the trial court's grant of summary judgment as to Morrison was inappropriate because there is a genuine issue of fact concerning whether Morrison expressly assumed Carlson's obligations under the lease. Borer contends that Morrison assumed Carlson's obligations by virtue of Morrison's knowledge of the existence of the lease and its terms when he purchased the property, and through the acknowledgment of his agent Toby Morrison that John Morrison would be liable for the tenant improvements. Borer maintains notice of Borer's interest in the leased premises may be additionally imputed to Morrison by virtue of Morrison's mere possession of the property. *See Pillsbury Investment Co. v. Otto*, 242 Minn. 432, 437–38, 65 N.W.2d 913, 916–17 (Minn.1954) (owner of building charged with knowledge of tenant's interest where tenant operated a restaurant on the premises for five years).

■ Generally, an assignment of a contract does not operate to bind an assignee to the duties and obligations imposed upon the assignor by the contract unless the assignee directly assumes such obligations. In *Meyers*, 287 N.W.2d at 614–17, the Minnesota Supreme Court stated:

> The law in Minnesota, as in most jurisdictions, holds that an assignment of a contract does not impose upon the assignee the duties or liabilities imposed by the contract on the assignor in the absence of the assignee's *specific assumption* of such liabilities.

*Id.* (emphasis added); *see also Carstedt v. Grindeland*, 406 N.W.2d 39, 42 (Minn.Ct. App.1987).

In this case, the contract between Carlson and Morrison expressly provided that:

> [Morrison] * * * is not assuming or agreeing to pay any such liens or encumbrances or *any other obligation or liability* arising or relating to the assets except as set forth in [this agreement].

(Emphasis added.)

Notwithstanding such provision, there is potential evidence that Toby Morrison, John Morrison's agent, acknowledged that John Morrison would be liable for the tenant improvements. Although Morrison disputes the acknowledgment, it raises a factual issue as to whether Morrison assumed

Carlson's obligation to reimburse Borer for the tenant improvements, and remand is required on this score.

## DECISION

Borer has shown the existence of a genuine issue of material fact as to whether Morrison, through his agent, assumed Carlson's obligations under the lease. Accordingly, we reverse the trial court's grant of summary judgment.

Reversed.