LOUISA CUTTING v. GEORGE WEBER and Others.

June 19, 1899.

Nos. 11,680—(86).

**Scheibel v. Anderson Followed.**
> Scheibel v. Anderson, infra, page 54, followed.

**Appeal—Points and Authorities—Argument upon Other Questions.**
> This court will not consider any point not urged in appellant's points
> and authorities, at least unless both parties voluntarily discussed it, and
> submitted it to the decision of the court.

Action in the district court for Brown county to recover $500 damages for trespass on land. The case was tried before Webber, J., who directed a verdict in favor of defendants; and from an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Jos. A. Eckstein* and *Lind & Somsen,* for appellant.

*C. A. Hagberg* and *Somerville & Olsen,* for respondents.

MITCHELL, J.

This action grew out of the same matters which were the subject of consideration in Scheibel v. Anderson, infra, page 54. After Scheibel's offer to redeem, having kept his tender good, he assumed to take possession of the premises, and sent the defendants upon the land as his servants to cultivate it. Thereupon the plaintiff, who had succeeded to Schmidt's rights under the foreclosure of the Williamson mortgage, sued the defendants for trespass. The points urged in plaintiff's brief are the same as those considered and decided in Scheibel v. Anderson. Therefore this case is controlled by that.

Upon the oral argument, plaintiff's counsel raised the additional point that, even if Scheibel was entitled to redeem, yet his offer to do so did not amount to an actual redemption, so as to devest plaintiff's title, and vest the title and right of possession in Scheibel. The record presents the point, and probably one of the assignments of error is sufficient to raise it. But, under our rules, we will not consider any point not made and urged in the printed points and

authorities. This is so, even if the point is made by the appellant in the oral argument, unless it is voluntarily discussed and submitted to the court by counsel for the respondent. Any other practice would be unfair to the respondent. We have examined appellant's points and authorities and printed brief, and find that the only points made or urged are the two which were urged and considered in Scheibel v. Anderson.

Order affirmed.