A. E. JOHNSON COMPANY v. D. M. WHITE and Others.

November 14, 1899.

Nos. 11,785—(74).

Complaint in Intervention.

In an action brought against the defendant on promissory notes made by him alone, a third party intervened, and he and the defendant joined in a complaint of intervention, in which they alleged that they were partners, that the notes were given by the defendant in settlement of a partnership debt, and they set up various counterclaims for debts due from plaintiff to them as such partners. *Held*, under our statute, such intervention and complaint in intervention are proper.

Same—Counterclaim—Demurrer.

If any of the counterclaims stated in such complaint are sufficient, a demurrer for insufficiency to the whole complaint should be overruled.

Appeal by plaintiff from an order of the district court for St. Louis county, Ensign, J., overruling a demurrer to a complaint in intervention. Affirmed.

*Phelps & McManus*, for appellant.

*John Jenswold, Jr.*, for respondents.

CANTY, J.

1. This action was brought against the defendant, White, on a number of promissory notes made by him to the plaintiff corporation. He answered, alleging that the notes were made by him in settlement of a debt of a partnership firm consisting of himself and one Staberg, and stating the transaction out of which the debt arose. He pleads various matters, and sets up several defenses, among them failure of consideration. Thereupon Staberg intervened in the action, and he and defendant White joined in a complaint of intervention, in which they state the same facts, allege that Staberg is insolvent, and plead several counterclaims for sums owing from plaintiff to them as such partners. Plaintiff demurred to this complaint on the ground that it does not state facts sufficient to constitute a ground of intervention, and does not state a counterclaim, and appeals from an order overruling the demurrer.

In our opinion, the order appealed from should be affirmed. The intervention complaint alleges, in effect, that the liability of the defendant to plaintiff is that of a surety for the firm of White & Staberg, and the case is covered by Becker v. Northway, 44 Minn. 61, 46 N. W. 210. G. S. 1894, § 5273, provides:

"Any person who has an interest in the matter in litigation, in the success of either of the parties to the action, * * * may become a party to any action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claim of the plaintiff."

The intervenor in this case has an interest in the matter in litigation in the success of the defendant, and has joined with him in resisting the claim of the plaintiff. In fact, the relation of White & Staberg to White in the matter here in litigation is more close, and the interest more direct, than is the ordinary relation or interest of a principal debtor to his surety.

78 M.—4

2. Some of the counterclaims set up in such complaint are sufficient, and, whether or not each of the matters or counterclaims so set up, taken alone, is sufficient, is immaterial, as the demurrer is to the whole complaint, and not to any particular part of it.

Order affirmed.