# WILD RICE LUMBER COMPANY v. ED. BENSON and Others.[1]

March 3, 1911.

Nos. 16,961—(252).

**Counterclaim — connected with the subject of the action — answer good in part.**

In an action to restrain and enjoin defendants from interfering with plaintiff's right to possess and occupy a logging road over and across lands owned by defendants, and for damages for obstructing the same, defendants interposed as a counterclaim that they were the owners of the land and entitled to the possession thereof, and (1) that plaintiff wrongfully constructed its logging road thereon, to the injury of the premises, and (2) so negligently operated a locomotive upon the same, in hauling logs from the forest to market, that defendants' horses were frightened, and defendants disturbed in the peaceful possession of their property.

It is *held* that, in so far as the answer alleges and claims damages for injury to the land by the construction of the road, the counterclaim is "connected with the subject of the action," within the meaning of section 4131, R. L. 1905, and properly pleaded as such, but that the damage suffered by the negligent operation of plaintiff's locomotive is not connected with the subject of the action, and the allegations thereof do not constitute a proper counterclaim.

**General demurrer to whole answer overruled.**

The two elements of damage claimed by defendants were embodied in the same counterclaim, and inasmuch as the pleading is good in part, a general demurrer to the whole was properly overruled.

Action in the district court for Clearwater county for a permanent injunction restraining defendants from destroying a certain logging road, from interfering with the use thereof, from depositing any substance thereon, for a temporary injunction during the pendency of the action, and for $600 damages. From an order, Stanton, J., overruling plaintiff's demurrers to defendants' separate answers, it appealed. Affirmed.

*Thomas Keefe* and *W. E. Rowe,* for appellant.

*Wm. A. McGlennon,* for respondents.

[1]Reported in 130 N. W. 1.

BROWN, J.

The complaint in this action alleges that in the year 1906 plaintiff purchased of the United States government large quantities of timber land situated in Clearwater county, this state; that at the time of said purchase the government was the owner of all land embraced within the township in which the land so purchased was located, and that in addition to selling and conveying to plaintiff said land the government granted and conveyed to plaintiff the right to construct and maintain such logging roads over its other land in said township as plaintiff might reasonably require for the purpose of conveying its timber to market; that in pursuance of this grant plaintiff constructed a certain logging road upon and across land then owned by the government, over which to convey and haul its logs to market; that it has maintained the road so constructed for the period of thirteen years; that in the winter of 1910 defendants wrongfully and unlawfully obstructed and destroyed a part of said road, to plaintiff's damage in the sum of $600. It also alleges that defendants threaten to continue their obstruction of said road and to interfere with plaintiff's use thereof, and will do so unless restrained by the court. The prayer of judgment is that defendant be restrained and enjoined from obstructing the road and from interfering with plaintiff's use thereof, and that it have judgment against defendants for $600 damages alleged to have been suffered by reason of their alleged wrongful conduct.

Defendants answered separately, and interposed in defense (1) a general denial of all the allegations of the complaint, and (2) two separate counterclaims for damages for the alleged wrongful acts of plaintiff in entering upon the land belonging to them and constructing thereon the logging road in question. In support of the counterclaims defendants allege that since April 10, 1906, they have been and now are the owners of the land described in their answer, and over and across which the logging road was in part constructed by plaintiff; that in the month of October, 1909, plaintiff wrongfully entered upon said land without authority, and, knowing that it had no right to do so, constructed its logging road thereon, and thereby damaged and destroyed a meadow situated thereon, and otherwise

injured the property; and, further, that plaintiff thereafter operated upon the road a "ponderous locomotive," and negligently permitted steam and smoke to escape therefrom in a "noisy and uproarious manner," thereby frightening defendants' horses and cattle, and rendering the premises unsafe, whereon defendant might "follow his occupation in the peaceful pursuits of agriculture and farming," to his damage in the sum of $6,000. The two counterclaims allege substantially the same facts.

Plaintiff interposed a demurrer to the answers, upon the ground that the counterclaims therein set up are not proper subjects of counterclaims in this action. The demurrer was overruled, and plaintiff appealed.

Section 4131, R. L. 1905, provides that a counterclaim must be an existing cause of action in favor of defendant and against plaintiff, and, so far as here material, arise out of the contract or transaction made the basis of the complaint, as the foundation of plaintiff's claim, or be "connected with the subject of the action." While the phrase "connected with the subject of the action" is somewhat indefinite and ambiguous, it has always been given a liberal construction, to the end that litigation may be concentrated, and not driven to a multiplicity of suits. 2 Dunnell, Minn. Digest, 7608. The subject-matter of this action is the asserted right of plaintiff to occupy defendants' land with its logging road. If it possesses the right, defendants' counterclaim must fail. If it has not the right, it has trespassed upon defendants' property by the construction of the road, and is liable to them in damages.

The subject-matter of the action being the asserted right of each party to the exclusive possession of the land over which the road extends, a claim to recover damages for the wrongful interference with defendants' right of possession is connected with the subject of the action, and properly pleaded as a counterclaim. Goebel v. Hough, 26 Minn. 252, 2 N. W. 847; Telulah v. Patten, 132 Wis. 425, 112 N. W. 522. It will be noticed in the case at bar, however, that the counterclaims each contain two distinct items of damage, and are not separately stated: (1) Injury and damage to the land by the construction of the road; and (2) injury suffered in consequence

of the negligent operation of the locomotive. We hold that the first is a proper counterclaim, but that the second—negligence in the operation of the locomotive—is not, properly speaking, connected with the subject of the action, and evidence thereunder should be excluded on the trial.

The demurrer goes to the whole pleading, and, inasmuch as it in part states a proper counterclaim, it was properly overruled.

Order affirmed.