EAST LANSING STATE BANK *v.* KEIL.

1. BILLS AND NOTES—CHECKS—NEGOTIABLE INSTRUMENTS.
   Under 2 Comp. Laws 1915, § 6226, a check possessing the requirements of negotiability provided by 2 Comp. Laws 1915, § 6042, is a negotiable paper.

2. SAME—HOLDER IN DUE COURSE—FRAUD—NOTICE.
   In an action by a bank upon a check given for payment of a horse sold at auction, defended on the ground of breach of warranty, defendant's contention that knowledge of the cashier of plaintiff, who acted as clerk at the auction, that said horse was warranted sound was imputable to plaintiff and therefore it was not a holder in due course, cannot be sustained, since knowledge of the warranty is not equivalent to knowledge and notice of fraud in the warranty or of breach of the same.

3. SAME.
   *Held,* that, under 2 Comp. Laws 1915, § 6093, plaintiff was a holder in due course.

Error to Ingham; Wiest (Howard), J. Submitted October 7, 1920. (Docket No. 42.) Decided December 21, 1920.

Assumpsit in justice's court by the East Lansing State Bank against Edward A. Keil for the amount of a check. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*Francis J. Shields* and *Thomas, Shields & Silsbee,* for appellant.

*C. W. & W. S. Foster,* for appellee.

CLARK, J.  G. E. Chivington of Ohio sold several

On effect of exchange of check to constitute one a holder in due course, see note in 17 L. R. A. (N. S.) 747.

horses at a public auction in Lansing. He was assisted by an auctioneer and by Mr. Nash, cashier of the plaintiff bank, who acted as clerk of the auction and who was paid by Chivington for the service. Both Chivington and the auctioneer made general and public statements warranting the horses to be sound. These statements were heard by the cashier. Defendant purchased a horse at the sale for which he gave his personal check payable to Chivington and drawn on the Farmers State Bank of Webberville, Mich. Two days later defendant's check with others arising from the auction were negotiated by Chivington to the plaintiff, from whom Chivington received therefor a certificate of deposit for the full amount of the checks. Chivington promptly cashed the certificate. Defendant learning, as he claims, that the horse purchased by him was not sound and not knowing the whereabouts of Chivington, stopped payment on his check. Plaintiff sent the check through the regular channels for collection and payment was refused and plaintiff was then, and not until then, informed of defendant's claim. The check was then sent directly to the Webberville bank for collection and payment was again refused. Suit was commenced in justice's court by plaintiff against the defendant to recover the amount due on the check. Plaintiff had judgment. Defendant appealed. Upon trial without a jury plaintiff had judgment in the circuit court, which judgment defendant reviews here upon writ of error.

Defendant contends·

"(1) That the check drawn by defendant was not negotiable paper.

".(2) That if said check was negotiable, the fact that Mr. Nash, the plaintiff bank's cashier, was clerk and agent of Mr. Chivington at the auction sale, places the plaintiff in a position on account of Nash's relationship as clerk and agent where it cannot claim the rights of a *bona fide* purchaser of the check."

1. Claiming that the check was not negotiable paper defendant's counsel cite section 6230, 2 Comp. Laws 1915:

"A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check."

Of this section the trial court correctly said:

"The section quoted would have some applicability if the suit here had been brought against the bank upon which the check was drawn instead of against the defendant, the drawer of the check."

Section 6226, 2 Comp. Laws 1915, defines a check:

"A check is a bill of exchange drawn on a bank payable on demand."

The check in question was negotiable, possessing requirements of negotiability provided by section 6042, 2 Comp. Laws 1915:

"An instrument, to be negotiable, must conform to the following requirements:
*"First,* It must be in writing and signed by the maker or drawer;
*"Second,* It must contain an unconditional promise or order to pay a certain sum of money;
*"Third,* It must be payable on demand or a fixed or determinable future time;
*"Fourth,* It must be payable to order or to bearer; and
*"Fifth,* Where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty."

2. To support the second contention counsel for defendant say that the cashier having knowledge of the warranty and having acted at Chivington's request as his agent as clerk of the auction the plaintiff because of such knowledge and because of such agency must be held to have had constructive notice of the claimed

fraud and breach of warranty. With this we do not agree. Assuming that a fraud was perpetrated upon the defendant by Chivington, the cashier of plaintiff bank was not a party thereto or cognizant thereof. Nor is the position of plaintiff in this case in any way affected by the mere fact that its cashier performed the simple duties of a clerk of the auction. The cashier had knowledge of the warranty, but mere knowledge and notice of a warranty are not equivalent to knowledge and notice of fraud in the warranty or of breach of same.

"A span of mares were sold at auction under a warranty that they were with foal. The purchaser gave his promissory note in payment, and it was purchased by a person who acted as clerk at the sale, in good faith and before maturity and for value, with knowledge of the warranty, but without notice or knowledge of its breach; and it is held that such breach could not be set up as a defense in a suit by such purchaser on the note." *Miller* v. *Ottaway*, 81 Mich. 196 (quoting from syllabus).

"It has often been said that a negotiable promissory note is a courier without luggage whose face is its own passport. To such extent do notes of this character enter into and form a substantial part of the very life of the commercial world that the law has always been solicitous to exclude any rules calculated to hinder their free circulation and exchange. By the act of executing such an instrument, the maker is held to have intended that it may enter the channels of trade and pass from hand to hand unincumbered by any defense not known to exist when the transfer is made. The rule is concisely stated in 3 Ruling Case Law, p. 1067, as follows:

" 'The courts universally hold that knowledge that a note was given in consideration of the executory agreement or contract of the payee which has not been performed will not deprive the indorsee of the character of a holder in due course, unless he also has notice of the breach of that agreement or contract. So knowledge of a warranty on a sale in which a note was given is held not to affect the rights of a purchaser of the note for

value before maturity, if he had no knowledge of the breach of the warranty.' *Miller* v. *Ottaway*, 81 Mich. 196 (8 L. R. A. 428, 21 Am. St. Rep. 513); *Jennings* v. *Todd*, 118 Mo. 296 (24 S. W. 148, 40 Am. St. Rep. 373); *Rublee* v. *Davis*, 33 Neb. 779 (51 N. W. 135, 29 Am. St. Rep. 509); *Siegel, Cooper & Co.* v. *Savings Bank*, 131 Ill. 569 (23 N. E. 417, 7 L. R. A. 537, 19 Am. St. Rep. 51); *United States Nat. Bank* v. *Floss*, 38 Or. 68 (62 Pac. 751, 84 Am. St. Rep. 752); 8 Corpus Juris, p. 509."

*Baker State Bank* v. *Grant*, 54 Mont. 9 (166 Pac. 28).

In *Hakes* v. *Thayer*, 165 Mich. 487, Justice STONE cited several instructive cases and, delivering the opinion of the court, said:

"A failure of the consideration in whole or in part after a *bona fide* transfer does not affect the character of the purchaser, although he had full knowledge of the original consideration for which the note was given. There is no evidence of notice, or knowledge of the breach of this contract, in so far as the failure of the horse to comply with the warranty is concerned, before the transfer of these notes. The purchaser of notes may have knowledge of a collateral agreement, but is not obliged to inquire whether the seller has performed his agreement, or will be able to perform the agreement into which he has entered."

Of the check the plaintiff was a holder in due course. See 2 Comp. Laws 1915, § 6093.

The judgment is affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.