# FIRST & LUMBERMEN'S NATIONAL BANK OF CHIPPEWA FALLS v. PAULA BUCHHOLZ, *d. b. a.* RED WING FLORAL COMPANY.[1]

May 18, 1945.

No. 33,951.

[1]Reported in 18 N. W. (2d) 771.

*Walter F. Larrabee* and *Albert P. Reed,* for appellant.
*Arthur E. Arntson,* for respondent.

YOUNGDAHL, JUSTICE.

This is an appeal from an order overruling plaintiff's demurrer to defendant's answer. The trial court certified that the question presented by the demurrer is important and doubtful, and the certification is made a part of the order.

Plaintiff, a banking corporation of Chippewa Falls, Wisconsin, secured a *cognovit* judgment in Chippewa county of that state against defendant, who operates a floral company at Red Wing in this state, for a balance due on a coal burner sold defendant by the National Coal Company of Chippewa Falls. Plaintiff brought suit in this state on the judgment. In its amended complaint, plaintiff alleges that the action in Wisconsin was founded upon a negotiable promissory note upon which there is a balance of $689.58; that plaintiff became a bona fide holder of the note; that the note was attached to a conditional sales contract, which was made with the express and implied understanding that the note could be detached, and that the note contained the words "detach before filing or recording contract"; and that under such circumstances the law of Wisconsin is that the note is severable and a distinct instrument, independent of the conditional sales contract.

In defendant's answer, it is alleged that on April 16, 1943, defendant executed a conditional sales contract to National Coal Company of Chippewa Falls for the purchase of "one bin type Iron Fireman automatic coal burner complete with electric equipment for alternating current with thermostat," for the sum of $1,250.50; that said burner was to be installed in a workmanlike manner; that the sum of $400 was paid as part payment, and defendant executed

a note payable to the National Coal Company in the sum of $850, with the balance payable in installments; that said note was "attached to and a part of said contract of conditional sale aforesaid." It was further alleged that immediately thereafter and before the installation of the burner the National Coal Company assigned the conditional sales contract to plaintiff, together with the note attached; that plaintiff became responsible for the proper installation of the coal burner and equipment in a workmanlike manner; that plaintiff had in its possession as owner the conditional sales contract and had full and complete knowledge of the terms and conditions of the sale, including the duty to install the coal burner and equipment in a workmanlike manner; that an additional sum of $255.42 was paid under the contract, making a total amount of $655.42 paid; that the burner was not installed in a workmanlike manner, and such unworkmanlike installation caused damage to defendant in the sum of $2,500 by reason of the freezing of plants, flowers, and other vegetation, on account of which damage a recovery is sought under a counterclaim.

■ Although in the statement of questions involved set forth in plaintiff's brief it is indicated that plaintiff intended to argue the point that the defense alleged in the answer is not available to defendant in a suit on a *cognovit* judgment obtained in Wisconsin and sued upon in this state, the issue is not discussed in plaintiff's points and authorities in the brief, nor was it orally argued. Rule VIII (3) (e), Supreme Court Rules of Practice, effective July 1, 1942, provides (212 Minn. xlii):

"In appellant's brief, the points urged for reversal, modification or relief, shall be separately stated and numbered, and each point so stated and numbered shall be followed by the argument thereon. The law and facts presented on each point shall be clearly stated, with citation of the authorities and statutes relied upon."

This court will not consider any issue not urged in appellant's points and authorities or orally argued. Cutting v. Weber, 77 Minn. 53, 79 N. W. 595; City of Duluth v. Cerveny, 218 Minn. 511,

524, 16 N. W. (2d) 779, 786. Therefore, plaintiff's position before this court is the same as if it had brought suit on the note in this state.

■ Plaintiff argues that defendant is not entitled to recover under its counterclaim, because the mere assignment of the contract to plaintiff did not create a personal liability on its part, citing Pioneer Loan & Land Co. v. Cowden, 128 Minn. 307, 310, 150 N. W. 903, 904. We need not here consider this question, for if the defense alleged by defendant that the burner and equipment were not installed in a workmanlike manner is available to her as an offset to plaintiff's claim, the demurrer must fall, even though it might be good as against the counterclaim. If, as here, a demurrer is interposed to a whole pleading and such pleading contains at least one good defense, the demurrer is bad. A. E. Johnson Co. v. White, 78 Minn. 48, 80 N. W. 838; Wild Rice Lbr. Co. v. Benson, 114 Minn. 92, 130 N. W. 1; Brill v. Minnesota Mines, Inc. 200 Minn. 454, 274 N. W. 631, 112 A. L. R. 173.

■ Our discussion, therefore, will be confined to the one issue whether the defense of unworkmanlike installation of the coal burner is available as an offset against the claim of plaintiff in an action on the note. Plaintiff asserts that such defense is not available, because it is a bona fide holder of the note; while defendant contends that plaintiff took the note subject to all the defenses that might be interposed against the original payee. Although, in defendant's brief, it is stated that the note was not payable in Wisconsin, at the oral argument it was conceded that that statement was erroneous, and both parties agree that the law of Wisconsin applies to the construction of the note and contract. In determining the issues here involved, the allegations of the answer must be considered as true. Vogt v. Ganlisle Holding Co. 217 Minn. 601, 15 N. W. (2d) 91. From such allegations, it appears that the note was attached to the conditional sales contract by a perforation, and in such condition the contract and note were assigned and endorsed to the plaintiff. At that time, the coal-burning equipment had not been installed, and the consideration under the

contract had not yet moved. Plaintiff took the note and contract with full and complete knowledge of the terms thereof and with knowledge of the fact that the consideration had not yet moved; and, at the time of suit, plaintiff was the holder and owner, not only of the note, but of the conditional sales contract as well.

The fact that the note was attached to the contract by a perforation did not destroy its negotiability. It was still on its face a negotiable instrument. Shawano Finance Corp. v. Julius, 214 Wis. 637, 254 N. W. 355. Plaintiff relies upon that case in support of its position that the answer is demurrable. The case is not in point on the issue to be here determined. In that case, there was a motion to set aside a *cognovit* judgment upon the ground that the instrument upon which it was based was not negotiable because attached to a conditional sales contract by a perforation, and therefore not subject to a *cognovit* judgment under the statute. The court simply held that the instrument was a note within the meaning of the statute, and its negotiability was not affected by the fact that it was attached to the contract by a perforation. That is not the problem before this court. Though the note is negotiable on its face, we are concerned with the question whether, under the facts alleged in the answer, plaintiff is a bona fide holder so as not to be subject to the defense interposed as an offset.

■ The fact that the consideration of the note was executory and that plaintiff had knowledge of that fact did not prevent it from taking the note as a holder in due course. It is well settled that knowledge of an executory consideration, as distinguished from knowledge of a condition to liability on a negotiable instrument, without any knowledge or chargeable notice of a breach of consideration, does not prevent one from taking it as a holder in due course. Muscoda State Bank v. Kolar, 187 Wis. 39, 203 N. W. 915; Farmers' & Merchants' Bank v. Nissen, 46 S. D. 121, 190 N. W. 1014; McNight v. Parsons, 136 Iowa 390, 113 N. W. 858, 125 A. S. R. 265, 22 L.R.A. (N.S.) 718, 15 Ann. Cas. 665; East Lansing State Bank v. Keil, 213 Mich. 17, 180 N. W. 347; Tradesmen's Nat. Bank v. Curtis, 167 N. Y. 194, 60 N. E. 429, 52 L. R. A.

430; Rublee v. Davis, 33 Neb. 779, 51 N. W. 135, 29 A. S. R. 509; Flood v. Petry, 165 Cal. 309, 132 P. 256, 46 L.R.A.(N.S.) 861; Producers' Nat. Bank v. Elrod, 68 Okl. 248, 173 P. 659, L. R. A. 1918F, 1016; Brannan, Negotiable Instruments Law (6 ed.) p. 652; note, 100 A. L. R. 1357; 8 Am. Jur., Bills and Notes, § 401.

■ However, where, as here, the note and conditional sales contract are assigned simultaneously to the same party before the consideration passes thereunder and that party is the owner and holder of both note and contract at the time of suit, a different rule prevails. Though the Wisconsin court has apparently not passed upon the precise question here involved, a forecast of what its position would be under facts similar to those in the instant case is indicated in the case of Muscoda State Bank v. Kolar, 187 Wis. 39, 203 N. W. 915, *supra.* In holding in that case that mere knowledge of an executory consideration when a note is transferred does not prevent recovery by the endorsee where there is a subsequent failure of such consideration, the court significantly said (187 Wis. 44, 203 N. W. 917):

"* * * It is true as claimed that as between the parties a note and a contemporaneous contract may often be construed as one agreement, and the same is true as to purchasers of the note knowing of the agreement."

There is ample authority in other jurisdictions for the proposition that where one takes as endorsee and assignee a promissory note and a conditional sales contract representing a transaction for which the note was given and before the consideration has passed, he takes such note with notice of a condition to liability on the instrument and is prevented from becoming a holder in due course. Von Nordheim v. Cornelius, 129 Neb. 719, 262 N. W. 832; Federal Credit Bureau, Inc. v. Zelkor Dining Car Corp. 238 App. Div. 379, 264 N. Y. S. 723; Todd v. State Bank, 182 Iowa 276, 165 N. W. 593, 3 A. L. R. 971; State Nat. Bank v. Cantrell, 47 N. M. 389, 143 P. (2d) 592, 152 A. L. R. 1216; Caldwell v. Roach, 44 Wyo. 319, 12 P. (2d) 376; Washington Trust Co. v. Keyes, 79 Wash. 61, 139

P. 638, Ann. Cas. 1916A, 279; 8 Am. Jur., Bills and Notes, § 405.

In such event, the two instruments are to be construed together as a part of the same transaction. So construed, the promise to pay, although apparently unconditional on the face of the note, is no longer unconditional, and payment is subject to the conditions of the contract being fulfilled. To suggest that under such circumstances one who takes the contract is entitled to its benefits and is not burdened with its obligations would be a perversion of justice. Mere detachment of the note by plaintiff after the assignment did not affect the situation as long as it was the owner and holder of the contract. The note did not thereby become an independent obligation of defendant while in the hands of the owner of the conditional sales contract. We do not here consider the rights of a purchaser of the note who does not also become the owner and holder of the conditional sales contract, but confine our determination to the fact situation as alleged in the answer.

Plaintiff therefore, being the owner and holder of the note and contract under the circumstances described by the record, is in the same position as an ordinary assignee of a conditional sales contract. It was possessed not only of the rights that the contract conferred, but was burdened as well with the obligations it imposed, and in an action on the note is subject to whatever defenses were available against the original payee. Malas v. Lounsbury, 193 Wis. 531, 214 N. W. 332; Pioneer Loan & Land Co. v. Cowden, 128 Minn. 307, 150 N. W. 903, *supra.*

Affirmed.