WILLIAM H. SWEET v. ALEXANDER SWIFT.

*Bills of exchange—Acceptance—Notice to drawer—Consideration—
Bona fide holder.*

A logging contractor gave to a creditor two orders payable to him or
bearer, and addressed to the firm he had contracted with, which
contract he had not performed. The orders were presented sev-
eral times, and payment refused, of which dishonor the drawer
was not notified. Afterwards the firm dissolved, and one of the
members assumed the business and liabilities, and an agent of
his was induced by the creditor to write an acceptance on the
orders, with the understanding that they should only be payable
if the drawer had any credits at any time to cover them, which
he never had. The creditor kept the orders awhile, which the
acceptor refused to pay, and then transferred them to a third
party, who sued the acceptor on the same, and on the trial insisted
that he and his assignor were *bona fide* holders of the paper, and
that the acceptance could not be affected by testimony of the
circumstances and conditions under which it was given. In
affirming a judgment for the defendant, the Court *held:*

1. That the orders were not subject to acceptance, and a demand
could only be made for payment, which could not be done indefi-
nitely, and, when payment was refused, they ceased to be binding
on the drawer as negotiable paper, unless he was notified of
such dishonor, and, no such notice being given, the paper was
thenceforth valueless in itself.

2. That, if defendant became liable at all as acceptor, it was his *sole*
liability, which depended upon the consideration for such accept-
ance.

3. That the payee could not be a *bona fide* holder **without notice** of
an obligation made to him directly, and upon negotiations car-
ried on with him personally.

Error to Saginaw. (Gage, J.) Argued February 2, 1887.
Decided February 10, 1887.

Assumpsit. Plaintiff brings error. Affirmed. The facts
are stated in the opinion.

*James H. Davitt,* for appellant.

*Wheeler & McKnight,* for defendant.

CAMPBELL, C. J. Plaintiff, who is a transferee not holding any better title than his assignor, sued defendant on two alleged acceptances.

One A. E. Jackson, on March 1 and March 12, 1879, received from Matthias Kundinger two orders, payable to Jackson or bearer, for $35.14 and $16.12, addressed to Swift & Lockwood, a firm of which defendant was a member. They had an outstanding contract with Kundinger for the delivery of logs, which Kundinger had not performed. Jackson presented these orders, which were payable on demand, several times to Mr. Lockwood, who refused to honor them. In June, 1879, Swift & Lockwood dissolved, and Swift assumed the business and liabilities. On the eighteenth of December 1879, Jackson induced one Norval Cameron, an agent of defendant, to write an acceptance upon them, with the understanding that they should only be payable if Kundinger had any credits at any time to cover them, which he never had. Jackson kept them for awhile, and Cameron would not pay them. He subsequently turned them over to Mr. Sweet, the plaintiff.

The plaintiff insisted below, and insists here, that he and his assignor, Mr. Jackson, were *bona fide* holders of this paper, and that the acceptance could not be affected by testimony of the circumstances and conditions under which it was given. The jury found for defendant. We have no doubt the verdict was warranted.

These orders, which in form were bills of exchange payable to bearer on demand, were given to Jackson in the first place, and held by him until transferred to Sweet. They were not subject to acceptance, and a demand could only be made for payment. This could not be done indefinitely, and, when payment was refused, they ceased to be binding on the drawer as negotiable paper, unless he was notified of the dishonor. No such notice was given, and the paper was thenceforth valueless in itself.

Having ceased to bind Kundinger, if, by putting his name on as acceptor, defendant became a party at all under the law-merchant to paper calling for no acceptance, he became liable as the sole party liable, and his liability depended upon the consideration on which it was made. Jackson could not be a *bona fide* holder without notice of an obligation, made to him directly, and upon negotiations carried on with him personally. The jury have found, under the charge, that the paper was not meant to be an absolute promise, and that, if it was, there was no consideration for it. This was fairly left to the jury.

There was also no testimony tending to show that Cameron, who was defendant's general business agent, had any power to bind him to an accommodation promise, without any consideration.

The case is one involving no legal difficulties, and there is no foundation for the contention that it is merely an attempt to change a written contract by parol. The question of consideration is entirely different from that, and the dealings were with Jackson himself, who was the promisee, if such an acceptance of dishonored paper not calling for acceptance, but only for payment, can be called a negotiable promise, which is a question we need not discuss.

The judgment must be affirmed, with costs.

The other Justices concurred.