## FRANK KORBEL v. FRANK SKOCPOL.

### FILED OCTOBER 7, 1903.   No. 13,155.

1. **Sale:** EVIDENCE. Evidence examined, and *held* sufficient to sustain the verdict.

2. ——: RESCISSION. To warrant the rescission of a sale on the ground of false representation, it must appear, not only that the representations were false, but that the injured party believed them and acted upon them to his injury.

3. **Error:** INSTRUCTION. Where the question covered by an instruction tendered by a party, is resolved by the court in his favor as a matter of law, he cannot complain of a refusal to give such instruction.

4. **Instructions.** Instructions examined, and *held* sanctioned by the former rulings of this court.

ERROR to the district court for Saline county: GEORGE W. STUBBS, JUDGE. *Affirmed.*

*F. W. Bartos* and *J. A. Wild,* for plaintiff in error.

*J. H. Grimm & Son, contra.*

ALBERT, C.

The plaintiff alleges, in substance, that at a public auction held by the defendant the latter offered for sale a certain mare which he represented to be sound and but eight years old; that the plaintiff, relying upon said representations and believing them to be true, bought the mare at said sale and paid the defendant therefor the sum of $56.90; that the said representations were false; that the mare at the time of the sale was at least seventeen years old, as the defendant, at the time, well knew; that immediately upon learning of the falsity of the said representations, the plaintiff offered to return the mare to the defendant, and demanded of him a return of the price paid; that the defendant refused to accept a return of the mare or to return the price paid for her. The prayer is for judgment against the defendant for the amount of the purchase price with interest.

The answer admits the sale, but denies all the other allegations. A trial resulted in a verdict and judgment for the defendant; the plaintiff brings error.

The principal contention of the plaintiff is that the verdict is not sustained by sufficient evidence. In an action of this character the plaintiff must allege and prove, among other things, that he believed the representations to be true and acted upon them to his damage. 1 Beach, Contracts, sec. 804; *Stetson v. Riggs*, 37 Neb. 797. While there is evidence in the record that might warrant a finding of the foregoing facts, it can not be said that they are conclusively established. One of the witnesses testified that just before the mare was offered for sale he had a conversation with the plaintiff, in which he told him that the mare was about fifteen years old, and in which the plaintiff told the witness that he did not care about that because he did not want to pay a high price for a horse. In the same conversation, the plaintiff expressed the opinion that the mare was about ten years old. This, if true, and for the purposes of the contention under consideration it must be

taken as true, is amply sufficient to warrant a finding that the plaintiff did not rely on the representations of the defendant, because it shows that he did not buy the mare in the belief that she was about eight years of age, but in the belief, based on his own judgment, that she was at least ten years old. It is obvious that he can not be said to have relied on the representation that the mare was only eight years old, when he bought her in the belief that she was at least ten years old. Having failed to establish conclusively one of the facts essential to a recovery, it follows that the contention that the verdict is not sustained by sufficient evidence must fail.

The plaintiff tendered the following instructions:

"Misrepresentation may be either by word or acts, or the suppression of material facts with the intent to deceive. The important inquiry is, whether the plaintiff was wilfully deceived or misled by the defendant to his injury.

"A person is justified in relying upon a representation made to him in all cases where the representation is a positive statement of fact and where an investigation would be required to discover the truth."

They were refused and their refusal is now assigned as error. Whatever may be said of the instructions as abstract propositions of law, their refusal would not justify a reversal of this case, in view of the evidence and the instructions given by the court on its own motion. The only representations relied upon were those made by the plaintiff and the auctioneer, which were not in the nature of a suppression of the truth but were active and specific. In one of the instructions given the jury were directed to find for the plaintiff, if they found that the representations in question were made; that they were false; that they were relied upon by the plaintiff and that the plaintiff, as soon as he learned that such representations were false, offered to return the mare. By this instruction the court held, as a matter of law, that if the representations were made as claimed, the plaintiff would be justified in relying upon them. His right to rely upon them is not

called in question in any part of the entire charge. That being true, the plaintiff could not be prejudiced by the refusal of the instructions tendered.

Complaint is made of the following instruction given by the court:

"If you shall find from the evidence that the defendant did not make the representation charged by the plaintiff, but that defendant's auctioneer, immediately before the sale of the mare in question, represented her to be eight or nine years old and sound, you will disregard the statements made by the auctioneer, unless you find that such representations were made with the knowledge or by the direction of the defendant."

An instruction to the same effect, and almost in the same words, is approved in *Boice v. Palmer*, 55 Neb. 389.

The foregoing disposes of all the assignments argued, and as they seem to be without merit, we recommend that the judgment of the district court be affirmed.

BARNES and GLANVILLE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.