FARMERS STATE BANK OF CRAIG, APPELLEE, v. SAMUEL J. LYDICK, APPELLANT: EVERETT J. MARTIN, APPELLEE.

FILED OCTOBER 7, 1924. No. 22805.

1. **Trial: WITHDRAWAL OF ISSUE.** When, on the trial of a law action, the party having the burden of proof as to certain of the issues presented fails to offer a quantum of proof sufficient to sustain a verdict in his favor on these issues, it is proper for the court to withdraw them from the consideration of the jury.

2. **Sufficiency of Evidence.** The evidence has been examined, and *held* sufficient to sustain the verdict.

3. **Rulings Sustained.** The several rulings of the court on the matter of instructions to the jury are found free from error.

Farmers State Bank v. Lydick.

4.  Bills and Notes: "HOLDER IN DUE COURSE." "A payee who re-
    ceives a negotiable instrument in good faith, for value, before
    maturity, and without notice of any infirmity therein, from a
    holder, not a maker or drawer, to whom it was negotiated as
    a completed instrument, is a holder in due course within the pur-
    view of the negotiable instruments law (Rev. St. 1913, secs. 5319-
    5513) so as to preclude the defense of fraud and failure of con-
    sideration between the maker or drawer and the holder to whom
    the instrument was delivered." *Bank of Commerce & Savings
    v. Randell,* 107 Neb. 332. See Comp. St. 1922, secs. 4612-4809.

APPEAL from the district court for Burt county: L. B.
DAY, JUDGE. *Affirmed.*

*M. L. Donovan* and *North & Pollock,* for appellant.

*Smith, Schall, Howell, Howard & Sheehan, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, and THOMP-
SON, JJ. and REDICK, District Judge.

MORRISSEY, C. J.

The Farmers State Bank of Craig brought this action
in the district court for Burt county against Samuel J.
Lydick on a promissory note for $3,000, which note was
dated March 17, 1920, payable six months after its date.
Lydick filed an answer and cross-petition in which he al-
leged that the note in suit was given as a partial payment
of a prior note executed by him in the sum of $5,000 pay-
able to plaintiff bank, and that he received no consideration
for the original note of $5,000, or for other notes payable to
the Missouri Valley Cattle Loan Company, given in payment
of certain shares of stock in the Missouri Valley Cattle Loan
Company which he was fraudulently induced to purchase.
At the time the original notes were executed and delivered,
Everett J. Martin was cashier of plaintiff bank and at the
time this suit was instituted he was president and principal
stockholder of plaintiff bank. Lydick's answer and cross-
petition alleged that Martin, acting both for himself and
for the bank, was one of a group of conspirators who had
deceived plaintiff as to the character of the Missouri Valley

Cattle Loan Company, and that through their false representations he had been induced to make the purchase of stock and execute the original notes heretofore mentioned. The bank and Martin filed separate answers and made separate defenses. The action proceeded as one by the bank to recover judgment for the amount of the note it then held, and as a suit by Lydick to defeat recovery on the note held by the bank and to recover from Martin and the bank the damages defendant had sustained by reason of the fraud alleged. At the close of the testimony the court directed the jury to return a verdict in favor of the bank and against Lydick on the allegations of his cross-petition whereby he sought to recover an affirmative judgment against the bank. The court submitted for the jury's determination the question whether or not the bank "was a purchaser of the note in question for value without notice of any defect in title, in the usual course of business, before maturity, in good faith." The jury found in the affirmative and returned a verdict in favor of the bank for the amount due on the note. The court also submitted for the determination of the jury the question whether or not Martin had made representations as alleged in count one of defendant's cross-petition as to the Missouri Valley Cattle Loan Company and the value of its stock, etc. On this issue the jury returned a verdict in favor of Martin.

The cross-petition contained a second count relating to a subsequent purchase of shares of stock by plaintiff. The court withdrew this issue from the jury. The court's ruling was proper. There is a total lack of competent evidence to sustain the allegations of the cross petition as to this issue. The court submitted to the jury the only questions at issue on which reasonable minds might differ as to the conclusion to be reached. The evidence sustained the verdict returned and it will not be disturbed.

Complaint is made of certain instructions given, and of the rulings of the court in denying certain instructions tendered. We have examined the instructions given and find that they correctly state the issues. Each instruction

tendered and refused is either covered in substance in the charge given by the court on its own motion or it contains some element which does not find support in the evidence, or is contrary to the established law of this state, and each was, therefore, properly refused.

Without further discussion we will pass to a proposition of law announced by counsel in their brief and which appears to be the main point relied upon for reversal, to wit: "Where a stock salesman procured a subscription for worthless corporate stock by false and fraudulent representations and accepted a negotiable note on the printed form of the plaintiff bank on which the bank was the payee of the instrument, the bank cannot be a holder in due course of the unindorsed instrument which was never negotiated, the bank being an original party thereto; and, to recover, the bank must meet any defense, such as fraud in the inception or failure of consideration, which would be a defense if it were a nonnegotiable instrument." This theory was advanced by the defense upon the trial and the instructions offered and refused were drafted so as to give expression to the rule announced by counsel. It will be noted that the main point sought to be made is based upon the fact that the original note was made payable, not to the Missouri Valley Cattle Loan Company, or the agent who sold its stock, but directly to plaintiff bank. Sections 4663, 4666, 4667, 4669, Comp. St. 1922, relating to negotiable instruments, are cited in support of this contention. A number of authorities from other states are also cited, but the question is not an open one in this jurisdiction. True, these sections had not been construed with reference to the question presented at the time the cause was tried in the district court. It has, however, been fully discussed and determined adversely to the contention of appellant in *Bank of Commerce & Savings v. Randell*, 107 Neb. 332, and it is there held:

"A payee who receives a negotiable instrument in good faith, for value, before maturity, and without notice of any infirmity therein, from a holder, not a maker or drawer, to

whom it was negotiated as a completed instrument, is a holder in due course within the purview of the negotiable instruments law (Rev. St. 1913, secs. 5319-5513) so as to preclude the defense of fraud and failure of consideration between the maker or drawer and the holder to whom the instrument was delivered." See Comp. St. 1922, secs. 4612-4809.

A further proposition of law is announced to the effect that the bank is liable under the same circumstances as a natural person for the consequences of its wrongful acts or for acts committed by its managing officer in its behalf, and that the knowledge of such officer of fraud in the inception of the note would be knowledge to the bank. It is sufficient to say that the court left the jury to determine from the evidence whether Martin, the managing officer of the bank, was a party to the fraud practiced upon defendant, and the answer was in the negative. In holding that the verdict of the jury is sustained by the evidence we have disposed of this question.

Other propositions of law are announced in the brief, but, holding as we do, that the court properly submitted to the jury the only disputed questions of fact having sufficient evidence to support a verdict in favor of appellant, it is unnecessary to discuss them. The court properly applied the law to the issues as developed by the evidence. The record is free from error and the judgment is

AFFIRMED.

Note—See Bills and Notes, 8 C. J. p. 470, sec. 686—Trial, 38 Cyc. p. 1533.