FIRST NATIONAL BANK OF LOS ANGELES *v.* LOVELL H. TURNBULL CO.

1. BILLS AND NOTES—SIGHT DRAFTS—ACCEPTANCE BY AGENT—ESTOPPEL.

Where, in action by bank on sight drafts made payable to it, drawn on defendant and accepted by its agent in payment for produce sold to defendant, it appears that 10 or 12 drafts had been drawn in same manner between same parties payable to plaintiff, and all had been honored by defendant, it is estopped to urge insufficiency in respect of acceptance.

2. SAME—HOLDER IN DUE COURSE.

Where drawer deposited said drafts so accepted with plaintiff bank, received credit on account, and promptly withdrew full amount and more, plaintiff took, not as promisee, but as purchaser, and therefore is holder in due course.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted January 26, 1932. (Docket No. 204, Calendar No. 36,279.) Decided March 2, 1932.

Assumpsit by First National Bank of Los Angeles, a corporation, against Lovell H. Turnbull Company, a Michigan corporation, on two sight drafts. Judgment for plaintiff. Defendant appeals. Affirmed.

*Wesley L. Nutten,* for plaintiff.

*Welsh, Bebout, Hill & Lee,* for defendant.

CLARK, C. J. Defendant, a corporation dealing in produce at Detroit, did considerable business in buying produce in California in 1926. The record estab-

---

On payee as holder in due course under negotiable instruments law, see annotation in 15 A. L. R. 437; 21 A. L. R. 1365; 26 A. L. R. 769; 32 A. L. R. 289; 68 A. L. R. 962.

lishes, as found by the trial judge in a trial without a jury, that its purchasing agent in California was one G. E. Mathews. On December 13, 1926, Mathews bought for defendant of Esposito and Durnil, dealers at Los Angeles, two cars of lettuce at $595 each. On that day, at Los Angeles, Esposito and Durnil drew two sight drafts for $595 each upon defendant at Detroit, payable to plaintiff, the First National Bank of Los Angeles. Across the face of each draft Mathews wrote "Accepted by G. E. Mathews."

The drawers deposited the drafts so accepted with plaintiff bank and received credit on account, which they promptly withdrew by check to the full amount of the account and more.

The drafts were presented, refused, and protested. Upon previous purchases from Esposito and Durnil by Mathews for defendant, some 10 or 12 drafts had been drawn in the same manner by and between same parties payable to plaintiff, and had been accepted by Mathews, as in this case, and all of such drafts had been deposited in plaintiff bank and credit given, as here, and they had been duly honored and paid by defendant; this is established by the record. In this suit on the drafts, plaintiff had judgment. Defendant has appealed.

Plaintiff holds for value. By its conduct and course of dealing, above related, defendant is estopped to say that it did not accept the drafts in suit, estopped to urge insufficiency in respect of acceptance. 1 Joyce, Defenses to Commercial Paper (2d Ed.), § 158; 2 C. J. p. 463; *Pettinger* v. *Alpena Cedar Co.*, 175 Mich. 162; *Armstrong* v. *American Exchange Nat'l Bank,* 133 U. S. 433 (10 Sup. Ct. 450).

Plaintiff, payee in the drafts, took, not as promisee (*Sweet* v. *Swift,* 65 Mich. 90), but as purchaser,

and, therefore, as against objection urged, is a holder in due course. 8 C. J. p. 469; Note 29 Michigan Law Review, p. 625; Note 36 Yale Law Journal, p. 608; *Bronson* v. *Stetson,* 252 Mich. 6.

No other question calls for discussion.

Affirmed.

McDonald, Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.