MARTHA YOST, APPELLANT, V. GEORGE H. YOST, APPELLEE.

FILED MARCH 28, 1933. No. 28466.

*Kirkpatrick, Good & Dougherty,* for appellant.

*C. L. Stewart* and *John Paul, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

This is an action on a 1,400-dollar promissory note dated October 9, 1928, and payable two years thence. Plaintiff is the wife of defendant. They had entered into an antenuptial contract September 2, 1927, in which each agreed to relinquish all interest in the property of the other and defendant agreed to provide a home for plaintiff and her two children and at his death to leave her $2,000 and his household property. They mutually promised to live together as husband and wife, and aid each other and strive to make life comfortable and happy for both. Plaintiff was a widow living in York with her two children. Defendant was a widower with nine children and with five of them resided on a farm in Clay county. As husband and wife the contracting parties began life together at the former's home. They had lived together about 13 months when the wife left, went to York, and sent her husband the note in suit unexecuted. He signed it and sent it to her. The facts outlined are shown with-

out dispute. In answer to the petition of the wife for judgment on the note, defendant, the husband, invoked defenses authorized by the statute, which provides:

"Absence or failure of consideration is matter of defense as against any person not a holder in due course and partial failure of consideration is a defense *pro tanto,* whether the failure is an ascertained and liquidated amount or otherwise." Comp. St. 1929, sec. 62-205.

Defendant alleged further that plaintiff threatened to leave him permanently without cause, that he gave her the note under her express promise to return and live with him and that she refused to do so after procuring the note. The facts pleaded in defense were put in issue by a reply. Upon a trial of the issues the jury rendered a verdict in favor of defendant. From a judgment of dismissal plaintiff appealed.

The sufficiency of the evidence to sustain the verdict is challenged in many forms. The action is between the original parties to the note. Plaintiff, therefore, is not a holder in due course.

On the issues as to consideration, the evidence is conflicting and it has all been considered from every standpoint. The theory of plaintiff seems to be that the parties had separated and that the note was given in part payment of the settlement of their property rights. While the evidence adduced on behalf of plaintiff tends to support her view of the controversy, it is not conclusive. The jury were justified in believing testimony sufficient to sustain a finding to the effect that the consideration for the note was the agreement by plaintiff, who had threatened to abandon defendant permanently, to return to her husband and to continue in the performance of her marriage contract. There is evidence that they occupied the same bed the night before the wife left and that she had previously made her plans to leave. The record fails to show she had any just cause for a divorce or for a separation from him. In absence of a just cause for leaving him, it was her duty to perform her marriage

contract independently of the antenuptial agreement. Unless there was a valid reason for a separation, public policy required a continuance of the marriage relation. It has been held that a wife who leaves her husband for a just cause may exact compensation or a valid consideration for resuming the marriage relation. *Mack v. Mack,* 87 Neb. 819. There is also a decision to the effect that a wife's performance of exceptional duties beyond those imposed by the marriage relation may be a sufficient consideration for a pecuniary promise of the husband. *In re Estate of Cormick,* 100 Neb. 669. The law is otherwise, however, if a wife abandons her husband without just cause and refuses to perform her marriage vows. In that situation, it is her duty to return voluntarily and her husband's promissory note to induce her to do so is without consideration. *Frame v. Frame,* 120 Tex. 61, 73 A. L. R. 1512, and cases cited in note. The same principle has been adopted in Nebraska. *Esterly Harvesting Machine Co. v. Pringle,* 41 Neb. 265.

The antenuptial contract is likewise futile as a consideration for a settlement of property rights in view of the verdict for defendant. Title to the money and property which defendant agreed to leave plaintiff was not to pass to her until his death. He is still living and his promise to leave $2,000 and his household property to plaintiff never matured. Defendant's right to a continuation of the marriage relation is presumed in absence of evidence to the contrary. By leaving defendant under the circumstances and refusing to return, plaintiff violated both the antenuptial agreement and her marriage vows. The evidence, therefore, is sufficient to prove both want of consideration and failure of consideration for the note and is sufficient to support the verdict.

Instructions are criticized on the ground that they submitted issues on which there was no evidence, but a careful examination of the entire record fails to show prejudice in this respect. Error in other instructions has not been found.

An assignment of error is directed to rulings that permitted the husband to be sworn as a witness and to testify against his wife. This point is without merit for the following reasons: All questions directed to him on the witness-stand were preliminary in character and his answers revealed nothing except harmless facts otherwise shown without dispute. He was not permitted to answer other questions.

An attorney for defendant is accused of prejudicial misconduct because, in addressing the jury, he did not properly reflect the evidence in stating the amount of money defendant had already paid to plaintiff. If the amount was overstated, the error was cured at the time by a peremptory order from the bench, directing the jury to follow the evidence and disregard any remarks of counsel to the contrary. The statement, if erroneous, was not prejudicial in view of the directions to the jury to disregard it.

Upon consideration of each assignment of error in connection with the entire record, a substantial reason for reversing the judgment below has not been found.

AFFIRMED.