CHARLES F. VON NORDHEIM, APPELLANT, V. GEORGE R. CORNELIUS: HAROLD A. ROSENAU, APPELLEE.

FILED OCTOBER 11, 1935. No. 29338.

*Carrico & Carrico,* for appellant.

*Waring & Waring, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

DAY, J.

This is an action on a note in which the defense was failure of consideration. Upon a trial to a jury, a verdict was returned in favor of defendant. The plaintiff alleged in his petition that he was a holder for value in due course. The answer denied this allegation.

It appears that Rosenau signed a conditional sale contract with Cornelius for an oil burner and the note here was a part of the same paper. The note and contract were executed as one instrument and assigned to the plaintiff as an entirety. The oil burner contracted for was never furnished. Later, after maturity and after collection had been attempted, another burner was installed. But that was a different and less complete burner and was installed under a different contract upon which another asserts that the defendant is liable to him.

It then appears that there was no consideration for the note, for that the contract was never performed. The defendant paid $50 cash upon the execution of the contract. There is no dispute that these are the facts. An examin-

ation of the contract and the note discloses that Rosenau agreed to purchase an oil burner which Cornelius agreed to furnish. It has long been the rule in this jurisdiction that, although a note otherwise negotiable is not rendered nonnegotiable merely by reference to collateral security, a note and a mortgage executed at the same time as a part of one transaction are to be construed as one instrument, and terms in the mortgage may render the note non-negotiable as to all with notice thereof. *Roblee v. Union Stock Yards Nat. Bank,* 69 Neb. 180. In the instant case the note and the conditional sale contract were printed on the same sheet of paper. The plaintiff severed the note from the mortgage after he purchased it. He was charged therefore with knowledge of its terms, one of which was that Cornelius should furnish the oil burner as described therein. The burner that was eventually installed was not a consideration for this note, as it was sold on another contract to Rosenau. The plaintiff was not a holder in due course. There was no consideration for the note. It is not demonstrated that there is any error in the record.

AFFIRMED.