### GREENBERG v. GLATTKE.

1. BILLS AND NOTES—PAYEE AS MERE PROMISEE.
   A payee of a negotiable instrument who takes as a mere promisee, not as a purchaser or as a holder in due course, may properly be confronted with the defense that there has been a material breach of performance undertaken (CL 1948, § 439.60).

2. SAME—DEFENSES—FAILURE OF CONSIDERATION.
   Payee of a negotiable instrument who might be found to be a mere promisee and not a holder in due course, because he failed to assign an account *held*, not entitled to summary judgment under record in which affidavit opposing motion for summary judgment disclosed his agreement to make such an assignment (CL 1948, § 439.60).

Appeal from Saginaw; Quinn (Timothy C.), J., presiding.   Submitted June 8, 1960.   (Docket No. 30, Calendar No. 48,044.)   Decided September 16, 1960.

Action by Matt Greenberg, doing business as Matt Greenberg Lumber Sales, against Benjamin L. Glattke, the indorser of a promissory note.   Summary judgment for plaintiff.   Defendant appeals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur, Bills and Notes § 572.
[2] 41 Am Jur, Pleading § 342.

. *B. J. Tally* (*Norman J. Miller*, of counsel), for plaintiff.

. *Frank L. Talkow*, for defendant.

SMITH, J. This is an action against the indorser of a promissory note. The issue arises upon a motion for summary judgment.

It appears from the record that Howard Industries, Inc., was indebted for the purchase of lumber to plaintiff, Matt Greenberg, who was pressing for payment. Howard J. Doss, president and largest stockholder of Howard Industries, Inc., offered to purchase the account from Greenberg. Pursuantly, he executed 2 promissory notes in favor of Green-berg, as payee, one of which was indorsed by Benjamin L. Glattke, who, also, guaranteed payment thereof. The indorsed note was unpaid upon maturity, and this action was commenced against Glattke. A motion for summary judgment, supported by affidavit, was filed. In opposition, defendant filed an affidavit of merits, stating that:

"It was agreed that Matt Greenberg should assign his account to Howard J. Doss and Benjamin L. Glattke for the sum of $2,500, payable by Howard J. Doss in 90 days. That in the event that Howard J. Doss did not pay said sum, then he, Benjamin L. Glattke, would pay said sum for and in behalf of Howard J. Doss. Thereupon the parties did prepare 2 notes, same being signed by Howard J. Doss as maker thereof, and made payable to Matt Greenberg Lumber Sales. That on one of the notes deponent did sign on the face, or did initial same, that on the other he signed on the back of said note. That Matt Greenberg did not assign said indebtedness at any time, nor has he done so up to the present time."

It was argued in support of the motion that the matters raised in the affidavit of merits would be

inadmissible upon trial as oral allegations attempting to change the written instrument. The circuit judge, without opinion, granted the motion for summary judgment and the case is before us upon a general appeal.

The defendant argues that the agreement to assign collateral, allegedly made at a meeting between Doss, Greenberg, and himself, was never carried out, thus depriving him of recourse on such assignment against the debtor, Howard Industries, Inc. Plaintiff, on the other hand, asserts that he occupies the position of a holder in due course, as against whom the defense asserted is unavailing.

We have several times held that a payee may be a holder in due course. *Price* v. *Klett,* 255 Mich 354. This, however, does not mean that all payees are holders in due course. Since the extraordinary protection given holders in due course of negotiable instruments seems to be a specialized application of the same principle that underlies the doctrine of *bona fide* purchase of property generally, the essential question as to negotiable paper, in the determination of the payee's status, is whether he takes as a purchaser or as a mere promisee. See *First National Bank of Los Angeles* v. *Lovell H. Turnbull, Co.,* 257 Mich 295; Aigler, Payees as Holders in Due Course, 36 Yale LJ 608. If the payee takes not as a holder in due course, a negotiable instrument is subject to the same defenses as if it were nonnegotiable,* one of which, of course, is material breach of performance undertaken. Upon the record before us a finding would be justified that plaintiff took as a promisee, which, in the terms of a promissory note he would appear to be, and not as a purchaser.

---

* Negotiable Instruments Law, § 60, CL 1948, § 439.60 (Stat Ann 1959 Rev § 19.100).

There is no other error in the case. Reversed and remanded for proceedings not inconsistent herewith. Costs to appellant.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.