FEDERAL NATIONAL MORTGAGE ASSOCIATION, a corporation, Plaintiff,

v.

Emil KOSTRUNEK and Madonna L. Kostrunek, Defendants.

Civ. No. 2-526.

United States District Court
S. D. Iowa, W. D.

April 29, 1964.

Emmet Tinley, and Jack W. Peters, Council Bluffs, Iowa, for plaintiff.

Tesar & Tesar, Omaha, Neb., for defendants.

HANSON, District Judge.

This is an action on a note and for foreclosure of the collateral security. The payee on the note and the mortgagee in the mortgage is Conservative Bond and Mortgage Co. The makers of the note are Emil and Madonna L. Kostrunek. The note was signed September 7, 1960. On that same day Laurence Homes, Inc. conveyed the property to Emil and Madonna L. Kostrunek for one dollar and other valuable consideration. On November 14th, 1960, a warranty was received by Emil and Madonna L. Kostrunek. On December 5, 1960, Conservative Bond and Mortgage Co. sold, assigned and transferred to Federal National Mortgage Association, plaintiff, the mortgage and endorsed the note to Federal National Mortgage Association.

In the spring of 1961, four or five months after the Kostruneks occupied the property, defects began to appear. It now appears that the house was not completed according to the specifications and that the warranty was breached. Any fraud, however, was in the consideration and not in the execution of the note. Knowledge of these facts occurred subsequent to the taking of the note by Federal National Mortgage Association.

In order to recover, Federal National Mortgage Association has the burden to show that either Federal National Mortgage Association is a holder in due course of a negotiable note or that the party they claim under, Conservative Bond and Mortgage Co., is a holder in due course of a negotiable instrument.

Conservative Bond and Mortgage Co. is the payee on the note. In Nebraska, a payee can be a holder in due course but there must be some sort of negotiation of the note to the payee, probably only by endorsement, and the note must be given to the payee by someone other than the maker. Plattsmouth State Bank v. Redding, 128 Neb. 268, 258 N.W. 661; Yost v. Yost, 124 Neb. 608, 247 N.W. 583; Nordeen v. Nelson, 134 Neb. 707, 279 N.W. 323; Hardin Trust Co. v. Wollard, 119 Neb. 307, 228 N.W. 866; Bank of Commerce & Savings v. Randell, 107 Neb. 332, 186 N.W. 70; Farmers' State Bank of Craig v. Lydick, 112 Neb. 586, 200 N.W. 50. The Uniform Commercial Code, Section 3–302, may change this rule but there is some doubt. See also Greenberg v. Glattke, 361 Mich. 387, 104 N.W.2d 775

In the present case, Conservative Bond and Mortgage Co. endorsed the note to Federal National Mortgage Association who took the note for value in good faith and before it was overdue and without notice of defects or fraud. There was insufficient evidence to show that Federal National Mortgage Association was put on inquiry as to any defects in the note or fraud in the consideration or any agency between them and the payee. The fraud, failure of consideration, and breach of warranty, therefore, are not good against Federal National Mortgage Association if the note was negotiable. The fact that Conservative Bond and Mortgage Co. endorsed the note without recourse is not sufficient in and of itself to put Federal National Mortgage Association on inquiry notice. First National Bank of Rapid City v. Security National Bank of Sioux City, 34 Neb. 71, 51 N.W. 305, 15 L.R.A.,N.S., 386. The burden of proof is on Federal National Mortgage Association in this regard and has been sustained.

In Von Nordheim v. Cornelius, 129 Neb. 719, 262 N.W. 832, the note was rendered non-negotiable because of the terms of instruments executed at the same time as a part of one transaction. This is the position urged by the defendants. Where the mortgage or other instruments executed at the same time as the note are transferred with the note, certain problems arise. If the collateral instruments only give rise to notice of executory consideration, then the note may remain negotiable and the holder may be a holder in due course. If the

collateral instruments condition the liability, then the note is not negotiable and the holder is not a holder in due course. However, if the collateral instrument refers only to security, it doesn't condition the liability. Northern Counties Inv. Trust v. Edger, 65 Neb. 301, 96 N.W. 1022; Des Moines Savings Bank v. Arthur, 163 Iowa 205, 143 N.W. 556. The other instruments did not condition the liability on the note and, therefore, the present case is unlike Von Nordheim v. Cornelius, supra, or Todd v. State Bank of Edgewood, 182 Iowa 276, 165 N.W. 593, 3 A.L.R. 971. See also 11 Am.Jur.2d Secs. 459–462. As far as the proximity and relationship of Conservative Bond and Mortgage Co. to Laurence Homes, Inc. is concerned, it might be an additional reason why the payee is not a holder in due course but does not so affect the position of Federal National Mortgage Association. The court finds the note is negotiable.

Where the payment of taxes assessed on real estate is necessary to protect his security, a mortgagee may pay the same, and have the amount added to the mortgage principal as necessary expenses incurred in protecting the security. Townsend v. J. I. Case Threshing-Machine Co., 31 Neb. 836, 48 N.W. 899.

The note in this case also calls for the allowance of reasonable attorney's fees and the court finds that same should be allowed.

The property in question in this case is located in Pottawattamie County, Iowa, and, therefore, Iowa law controls as to the method of foreclosure and rights of redemption. Iowa Annotations of the Restatement of Conflicts, Chapter 7, Sections 227, 228.

In accordance with this Memorandum, judgment will be entered as follows:

Plaintiff is to have judgment against the defendants in the following amounts: $13,769.38 for the unpaid principal balance of the note, $240.46 for unpaid interest on the principal balance from August 1, 1962, through November 30, 1962, the sum of $13.50 for continuation of abstract of title, $183.25 for 1962 real estate taxes advanced by plaintiff together with interest at the rate of 5¼% per annum on the principal balance and the unpaid interest thereon from November 30, 1962, until paid and interest at 5¼% on $125.17 real estate taxes from and after September 11, 1963, until paid.

It will be further ordered that the plaintiff has a lien for the sum of this judgment on the property described as:

Lot 20, Block 3, Holiday Park Addition to the Town of Carter Lake, Pottawattamie County, Iowa,

according to the mortgage on this property assigned to plaintiff and given by the defendants.

It will be further ordered that the property described as:

Lot 20, Block 3, Holiday Park Addition to the Town of Carter Lake, Pottawattamie County, Iowa,

shall be sold at special execution according to the law of Iowa to satisfy in whole or in part the judgment entered in this cause. It is ordered that plaintiff Federal National Mortgage Association shall present to the court a proposed Order directing said sale and execution.

It will be further ordered that the plaintiff shall have their costs and a reasonable attorney fee in the amount of $250.00.

It will be further ordered that the defendants' counterclaim for set off against Federal National Mortgage Association will be dismissed.

It is further ordered that judgment and decree pursuant to the orders and findings herein made shall be presented to the court by counsel for the plaintiff.

It is further ordered that the foregoing shall constitute the findings of fact, conclusions of law, and order for judgment in this case. Rule 52(a) of the Federal Rules of Civil Procedure.