## TRIPP *v.* DZIWANOSKI.

1. JUDGMENT—SUMMARY JUDGMENT—ISSUE OF FACT.

Summary judgment may not be entered if the affidavits and other proof presented at the hearing on the motion for summary judgment show there is a genuine issue of fact (GCR 1963, 117).

2. BILLS AND NOTES—SUMMARY JUDGMENT—QUESTIONS OF FACT.

Entry of summary judgment for payee of check against its drawer who had stopped payment, allegedly because agreement between plaintiff and defendant's brother relative to a land contract had been materially changed, and defended by denying issuance and delivery, hence, denying that plaintiff was either payee or a holder, and interposing affirmative defenses of failure of consideration, conditional delivery, and illegal penalty *held*, error, where plaintiff conceded the opposing affidavits concerning existence of the alleged agreement would establish a genuine issue of fact (GCR 1963, 117).

3. COSTS—SUMMARY JUDGMENT—REMAND.

Costs of trial court and Supreme Court are to abide final result, where case is remanded for full testimonial hearing, summary judgment having been improperly entered in view of question of fact having been presented by opposing affidavits (GCR 1963, 117).

Appeal from Wayne; Culehan (Miles N.), J. Submitted October 9, 1964. (Calendar No. 35, Docket No. 50,492.) Decided May 11, 1965.

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading §§ 340–343.
[3] 14 Am Jur, Costs § 10.
5 Am Jur 2d, Appeal and Error § 1009.

Declaration by Ruth Tripp against Edward Dziwanoski, doing business as Congor Bar, for alleged injury by defendant's stopping payment on a check which is in the possession of plaintiff. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

*John H. Yoe* and *Thomas P. Casey,* for plaintiff.

*Sugar & Schwartz (Stanley S. Schwartz* and *Jordan Rossen,* of counsel), for defendant.

SMITH, J. This is another case under the new summary judgment rule. GCR 1963, 117. It is a review of summary judgment entered in favor of plaintiff on a check in which plaintiff was payee and defendant was the drawer. After making the check payable to plaintiff, the defendant stopped payment by instructions to his bank before plaintiff tried to cash the check.

The action arose out of this situation. Defendant Edward Dziwanoski sought to help his brother, Teddy Daye, who was in arrears on a land contract with plaintiff, Mrs. Tripp. In fact, the default of Teddy Daye had already been taken in contract foreclosure proceedings in the Roscommon circuit court. Sometime prior to the making of the check on February 14, 1962, Mrs. Tripp had a telephone conversation with Mr. Dziwanoski about the land contract delinquency. What was said between the two is not clear from the pleadings, depositions, and affidavits filed in this case. Whatever the understanding, if any, the conversation was followed shortly thereafter by defendant making a check payable to plaintiff in the amount of $5,000 and giving it to his brother who on the following day gave it to plaintiff's attorney. On that day, February 15, 1962,

defendant's brother, Teddy Daye, and plaintiff's attorney with full power to act entered into a written agreement respecting the forfeiture action and the land contract upon which the action was based. Defendant was not a party to this agreement. The agreement which was negotiated and entered into on the courthouse steps, so to speak, provided for, among other things, a *pro confesso* decree to be entered in favor of plaintiff and for waiver of any personal liability on part of the defendant. However, Teddy Daye was given an option to reinstate upon making certain payments, the first of which was for $5,000 payable on the date of the agreement. At that time, February 15, 1962, Daye gave his brother's check for $5,000 to plaintiff's attorney who mailed it to plaintiff. When defendant stopped payment upon the check, plaintiff put the property up for sale and sometime later sale was made to a new purchaser (not a party to this suit).

Plaintiff sued on the check as payee and assertedly as holder in due course. Defendant answered denying issuance and delivery and, hence, denying plaintiff's status as either payee or holder. Defendant raised affirmative defenses of failure of consideration, conditional delivery and illegal penalty.

Next, plaintiff moved to take the deposition of defendant and, likewise, defendant took the deposition of plaintiff. Both were accomplished and said depositions filed. Plaintiff then moved for summary judgment under GCR 1963, 117.2(2), based upon the pleadings, affidavits, and depositions; likewise the defendant. Plaintiff filed additional affidavits in opposition to those of defendant.

Defendant admitted in his deposition that he made the check in question on February 14, 1962, and gave it to his brother, Teddy Daye, as a loan. He knew that Daye was to give it to Mrs. Tripp to "straighten out" the arrears on the land contract.

He said that when he found out that his brother needed not only the $5,000 which he had advanced to him but an additional $5,000, before plaintiff would reinstate or give a new contract, he stopped payment on the check. Additionally in his affidavit in opposition to plaintiff's motion for summary judgment, defendant elaborated upon this point as follows:

"4. That in January or February 1962, *plaintiff indicated that if I paid said sum of $5,000, that the land contract would be reinstated* under the same terms as the land contract executed between Ruth Cusman (now Ruth Tripp) and my brothers, Teddy J. Daye and Chester J. Daye, which terms called for payments of $200 a month.

"5. *A new land contract was to be executed with either me or my brother, Teddy J. Daye, as vendee* for the balance due under said former land contract less said $5,000.

"6. That for some time after I made said check, I unsuccessfully tried to contact plaintiff and obtain a written land contract. Plaintiff never contacted me in regard to the agreed-upon contract and never showed me such a contract.

"7. *That shortly after making said check, I learned that plaintiff's attorney, John Yoe, had entered into an agreement with Teddy J. Daye which agreement provided that said land contract could be reinstated* by my said brother upon the payment of *my* $5,000 check, *and in addition thereto* a second $5,000 in 30 days, and $2,500 every 2 months, *which terms were contrary to my understanding with plaintiff.*

"8. *Because my understanding with plaintiff had been significantly and materially changed* without my understanding or knowledge by plaintiff's attorney and Teddy J. Daye, and because I had not been given or shown a new land contract for the property in question, *I stopped payment on my said check* of $5,000." (Emphasis supplied.)

Plaintiff's motion was based upon the claim that "the opposing party has failed to state a valid defense to the claim asserted against him." GCR 1963, 117.2(2). The rule also provides that "affidavits, together with the pleadings, depositions, admissions, and documentary evidence  *  *  *  shall be considered by the court at the hearing.  *  *  * Judgment shall be rendered forthwith if the pleadings show that any party is entitled to judgment as a matter of law or if the affidavits or other proof show that there is no genuine issue of fact." Rule 117.3, *supra.*

The question here is simply whether the affidavits or other proof show that there is a genuine issue of fact. Plaintiff concedes that "the opposing affidavits concerning the alleged existence of an agreement [between plaintiff and defendant] concerning a new land contract standing alone would establish a genuine issue of fact." Plaintiff argues, however, that certain "additional facts and circumstances demonstrate that reasonable minds could not differ in reaching the conclusion that no such agreement ever existed." Plaintiff then lists several facts and circumstances and draws inferences therefrom which, she says, lead to the conclusion "that reasonable minds could not differ." Such facts need not be detailed here; it is sufficient to note that each fact goes to the point either of why defendant did not exact greater security before parting with his check, or why he did not mention any agreement on deposition, or why he waited approximately 2 weeks before stopping payment. Under circumstances herein presented, these were jury-type arguments going to credibility. This is not the province of the court on motion for summary judgment. *United States* v. *United Marketing Association* (CCA 8), 291 F2d 851.

Upon trial, all issues raised by the pleadings will receive full testimonial hearing. Whether defendant has any valid defense to plaintiff's suit can be tested. Then ultimately whether under the facts any such defenses can be asserted against plaintiff is a matter also to be decided. In other words, was plaintiff as payee a holder in due course? If not a holder in due course, as between drawer and payee, are the defenses valid? See *Greenberg* v. *Glattke,* 361 Mich 387, and also, Aigler, Payees as Holders in Due Course, 36 Yale LJ 608, 630.

Reversed and remanded for entry of order denying plaintiff's motion for summary judgment. Costs of both courts to abide final result.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, O'HARA, and ADAMS, JJ., concurred.